471 A.2d 525

**COMMONWEALTH of Pennsylvania**

v.

**Anthony S. CELIJEWSKI, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 4, 1983.

Filed Jan. 27, 1984.

Lewis J. Bott, Assistant Public Defender, Wilkes-Barre, for appellant.

Joseph Giebus, Assistant District Attorney, Wilkes-Barre, for Commonwealth, appellee.

Before ROWLEY, BECK and MONTGOMERY, JJ.

ROWLEY, Judge:

Appellant was convicted, by a jury, of murder in the first degree and arson. He was sentenced to a term of life imprisonment without the possibility of commutation or parole on the murder charge and a consecutive term of ten to twenty years imprisonment on the charge of arson. This direct appeal followed. We affirm.

Appellant was tried on September 14–17, 1981, and found guilty of strangling his wife and setting fire to the building in which she lived. Throughout the trial, appellant conducted his own defense, repeatedly refusing to discuss the facts of the case with counsel appointed to assist him and steadfastly maintaining that he neither desired nor required representation by counsel. Approximately one week prior to trial, on September 8, 1981, the trial judge, the Honorable Arthur D. Dalessandro, thoroughly reviewed with appellant his right to be represented by an attorney and how such representation could benefit him. Judge Dalessandro concluded that appellant knowingly, understandingly and voluntarily waived his right to the representation of counsel. In accordance with Pa.R.Crim.P. 318, an attorney from the public defender's office was appointed as standby counsel.

At trial, appellant was permitted and encouraged to confer with standby counsel. He refused. During the closing arguments, standby counsel was permitted to participate on behalf of appellant as *amicus curiae*. Only after trial did appellant affirmatively ask the public defender's office to actively represent him. Standby counsel entered his appearance on behalf of appellant and filed post-trial motions. By an opinion and order dated May 19, 1982, the trial court denied appellant's post-trial motions. Appellant was sentenced on May 25, 1982. This direct appeal followed.

In his appellate brief, counsel presents seven numbered questions. These questions present the following issues:

1. Did the trial court improperly permit appellant to act as counsel on his own behalf?

2. Was appellant denied the effective assistance of counsel?

3. Did the trial court err in admitting Commonwealth's Exhibits 1 through 42, 49 and 50?

4. Did the trial court err in "objecting" to the manner in which appellant delivered his opening and closing remarks to the jury and in the manner in which appellant examined and cross-examined witnesses while failing to intercede on appellant's behalf when the Commonwealth similarly failed to follow proper trial procedure?

5. Did the trial court err in denying standby counsel's motion for a mistrial?

None of these issues entitle appellant to relief.

 Appellant's first argument is without merit. The record is replete with the extensive efforts by the court to suggest, advise and recommend that appellant accept the services of the attorney provided for him. The court fully informed appellant of the many pitfalls of proceeding without counsel, from voir dire to closing argument, stressing that counsel was far best prepared to eliminate bias and prejudice from the proceedings than was appellant. Moreover, at every critical stage through which the trial progressed, the court informed appellant that he could or should confer with counsel to gain some better understanding as to what was happening and how he could better conduct his defense. Despite all of the repeated warnings and advice, at every stage of the proceedings until the jury returned its verdict, appellant refused any and all assistance. This case is controlled by *Commonwealth v. Davis,* 479 Pa. 274, 388 A.2d 324 (1978). In that case, the Pennsylvania Supreme Court stated:

> In the circumstances of this case, we cannot conclude that the trial judge erred in permitting [appellant] to represent himself. The record demonstrates that the judge fully advised [appellant] both of his right to be represented by counsel and of the possible disadvantages of self representation; it also clearly shows that both [appellant's] waiver of the right to counsel and his assertion of the right to self-representation were knowing and deliberate choices. *Cf. Commonwealth v. Robinson,* 468 Pa. 575,

364 A.2d 665 (1976). Furthermore, the public defender was made fully available to [appellant] for whatever consultation and aid [appellant] might request. Hence, in these circumstances, *it would have been constitutional error for the judge to have refused [appellant] his right to represent himself.* *Faretta v. California,* [422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1976)].

*Id.,* 479 Pa. at 283, 388 A.2d at 328 (emphasis added).

Counsel for appellant argues, however, that both before and during the trial appellant was manifestly incapable of adequately defending himself. This argument is, essentially, that the quality of appellant's self-representation was not as good as representation by counsel would have been and that, therefore, the court should have required the active participation of counsel during the trial. However, the United States Supreme Court in *Faretta v. California, supra,* made the defendant's legal acumen in such circumstances "irrelevant" for the purposes of determining whether or not appellant properly exercised his right to conduct his own courtroom defense.

We need make no assessment of how well or how poorly Faretta had mastered the intricacies of the hearsay rule and the California Code provisions that govern challenges of potential jurors on voir dire. *For his technical legal knowledge, as such, was not relevant to an assessment of his knowing exercise of the right to defend himself.* 422 U.S. at 836, 95 S.Ct. at 2541, 45 L.Ed.2d at 582 (emphasis supplied; footnote omitted).

Therefore, the quality of appellant's legal performance is immaterial to a determination of whether or not appellant properly invoked and the trial court properly recognized appellant's invocation of his right to conduct his own defense. In accordance with *Commonwealth v. Davis, supra,* we have determined that "it would have been constitutional error for the trial judge to have refused [appellant] his right to represent himself." Counsel's argument on this point must therefore be rejected.

■ For similar reasons, we must reject appellant's assertion that he was denied the effective assistance of counsel. Having properly, and repeatedly, invoked his right to represent himself and having waived the assistance of counsel, appellant cannot now rely upon his own lack of legal expertise as a ground for a new trial. *Commonwealth v. Andrews*, 282 Pa.Super. 115, 130–131, 422 A.2d 855, 862–863 (1980).

■ Appellant's next two claims relate to the trial court's actions in controlling the progress of the trial and the reception of evidence. Appellant first asserts that the court erred in admitting into evidence, prior to voir dire, Commonwealth's Exhibits 1 through 42, 49 and 50 without first requiring testimonial authentication or foundation. Appellant also asserts that the trial judge improperly "objected to" appellant's questions and argument on numerous occasions while failing to "object to" the Commonwealth's conduct under somewhat analogous circumstances. Appellant thus contends that the trial judge took on the "role of advocate" for the Commonwealth and prejudiced the jury against him.

Initially, we note that these claims have not been preserved for review because there was no contemporaneous objection to the conduct now complained of. *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974). We have considered the claims on their merits, however, and our review of the record discloses no error by the trial judge. The incident concerning the admission of the exhibits, read in context, was in the nature of a stipulation of counsel concerning their admissibility. These exhibits were forty-two pictures and two diagrams. Appellant was given an opportunity to examine the exhibits and to offer any objection he may have had. He did reserve the right to question the Commonwealth's witnesses concerning the pictures, and later during trial he used some of the pictures during cross-examination and in the presentation of his defense. Moreover, these pictures and diagrams were related to people, places and things with which appellant was person-

ally familiar: himself, his car, his wife, and his wife's apartment. Finally, almost all of these exhibits were identified and authenticated by testimony of the Commonwealth's witnesses before being submitted to the jury. Only Exhibits 3, 14 and 17 were not so identified. Because these exhibits were not transmitted to this court with the record, we do not know what they depicted. However, counsel does not argue that the submission to the jury of these three pictures, without more, requires a new trial.

■ Furthermore, at no time did the trial judge lose the appearance of impartiality. The court did interrupt appellant several times during the course of the trial, but these interruptions were made in a considerate and patient manner. Moreover, the court painstakingly explained to appellant the need for following proper trial procedures and what those procedures were. The court interrupted appellant only in those instances when it became clear that appellant had misunderstood, forgotten or disregarded the court's instructions and explanations. Thus, the court recognized that it had a "duty to defend the judicial process ... and to keep the trial focused on the narrow issue of guilt or innocence." *Commonwealth v. Africa*, 466 Pa. 603, 620, 353 A.2d 855, 863 (1976). The actions taken by the trial judge in this case were limited in scope and properly directed to keeping the trial focused on the issues without in any way hindering appellant's ability to bring all relevant, and much irrelevant, information before the jury. We therefore reject appellant's arguments on this point.

Finally, appellant argues that it was improper for the trial court to deny standby counsel's request for a mistrial. That request was supported by reasons set forth in connection with the other four issues raised on appeal. We have rejected these arguments above and we reject them here as well.

For all of the foregoing reasons, the judgment of sentence is affirmed.