541 A.2d 21

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Kerry D. BOYD, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 17, 1988.

Filed May 11, 1988.

Vicki K. Horne, Pittsburgh, for appellant.

Robert F. Hawk, Assistant District Attorney, Butler, for Com., appellee.

Before BROSKY, WIEAND, McEWEN, OLSZEWSKI, BECK, TAMILIA, KELLY, POPOVICH and JOHNSON, JJ.

OLSZEWSKI, Judge:

Appellant, Kerry D. Boyd, appeals from a judgment of sentence imposed after appellant was found guilty by jury of driving while the amount of alcohol by weight in his

blood was .10% or greater. 75 Pa.C.S.A. § 3731(a)(4). Appellant contends that the evidence was insufficient to support the verdict because the Commonwealth did not present testimony that appellant's blood alcohol was .10% or greater at the time he was driving. For reasons discussed below, we affirm the judgment of the trial court.

In the early morning hours of June 9, 1985, Officer Ronald Pate of the Penn Township Police Department observed the car that appellant was driving approaching head-on on a two-lane road. After the officer maneuvered his car onto the berm to avoid a collision, he followed appellant and observed the vehicle weave on and off the road several times. Officer Pate pulled appellant over, smelled alcohol, and performed field sobriety tests, which appellant failed to perform adequately. Thirty minutes later, at the police station, breathalyzer tests revealed .16% blood alcohol content.

Appellant was subsequently charged with driving under the influence to a degree which rendered him incapable of safe driving, 75 Pa.C.S.A. § 3731(a)(1) (Count I), and operating a vehicle while the blood alcohol content was .10% or greater, 75 Pa.C.S.A. § 3731(a)(4) (Count II). After a trial by jury on November 26 and 27, 1985, appellant was acquitted on Count I but convicted on Count II. Appellant was sentenced to forty-eight hours imprisonment.

The issue before us is whether, when prosecuting a defendant for violating 75 Pa.C.S.A. § 3731(a)(4), the Commonwealth must present expert testimony relating the blood-alcohol test result back to the time appellant was driving his car. We note, preliminarily, that a Subsection 3731(a)(4) offense contains two elements: (1) the operation of a vehicle, and (2) the presence of at least 0.10% alcohol by weight in the motorist's blood during the course of that operation. *Commonwealth v. Speights*, 353 Pa.Super. 258, 509 A.2d 1263 (1986), citing *Commonwealth v. Mikulan*, 504 Pa. 244, 470 A.2d 1339 (1983). Instantly, appellant does not dispute that he was arrested while in control of a vehicle. Therefore, the only question is whether the Com-

monwealth failed to offer sufficient evidence that at the time appellant was driving, his blood alcohol content was 0.10% or greater.

When reviewing the sufficiency of the evidence, we must accept as true all of the evidence and view it in the light most favorable to the verdict winner. *Commonwealth v. Rivera*, 349 Pa.Super. 303, 503 A.2d 11 (1985). The appropriate test is whether the evidence, when viewed in this light, together with all reasonable inferences drawn therefrom, is sufficient to prove guilt beyond a reasonable doubt. *Commonwealth v. Stoyko*, 504 Pa. 455, 475 A.2d 714 (1984).

■ In urging that we impose upon the Commonwealth an additional burden of presenting testimony relating the blood alcohol test back to the period when appellant was operating the vehicle, appellant would have us overrule a line of prior decisions. In *Speights, supra,* a case arguably more compelling than the present one,[1] we concluded that the Commonwealth is not required to offer evidence relating a blood alcohol test back to the time of a vehicular offense and that the absence of expert testimony relating back a remote test result would not render the test result insufficient to convict a defendant of violating 75 Pa.C.S.A. § 3731(a)(4). *See also Commonwealth v. Slingerland*, 358 Pa.Super. 531, 518 A.2d 266 (1986). In reaching this determination, we reasoned:

> Under section 1547 of the Vehicle Code, our legislature has not prescribed statutory time limits within which blood alcohol testing must be conducted in order to constitute acceptable evidence of an accused's blood alcohol level while driving. [citations omitted]. Moreover, the legislature has not mandated that the Commonwealth adduce evidence corroborating or explaining blood alcohol test results except for that evidence necessary to estab-

---

**1.** In *Speights,* the blood alcohol test was performed two hours and forty-five minutes after appellant was stopped for running a red light and operating his car in an erratic manner.

lish the admissibility of the test results pursuant to subsections 1547(a) and 1547(c), i.e., probable cause to order a test and proper administration of the test. *Commonwealth v. DiFrancesco*, 458 Pa. 188, 329 A.2d 204 (1974), *reh'g denied*, December 17, 1974. *Nevertheless, we emphasize that the Commonwealth is not relieved of its burden of proving beyond a reasonable doubt that an accused has committed an alcohol-connected vehicular offense. Id.; Commonwealth v. Gearhart*, 253 Pa.Super. 238, 384 A.2d 1321 (1978); ... [W]e hold that blood alcohol test results can—by themselves, without explanation by expert testimony—suffice to support a conviction under subsection 3731(a)(4) but that blood alcohol test results do not compel the trier of fact to find a defendant guilty of violating subsection 3731(a)(4) where there is competent evidence of record challenging said test results.

*Speights, supra,* 353 Pa.Superior Ct. at 265–66, 509 A.2d at 1267 (emphasis supplied).

▪ Instantly, the Commonwealth presented evidence that appellant: (1) was driving in an erratic manner, (2) smelled of alcohol, (3) failed field sobriety tests, (4) admitted to previously consuming five gin and tonics and one beer, and (5) declared that he was "drunk." Appellant does not challenge the breathalyzer results on appeal nor is there competent evidence to suggest that the results were inaccurate. The result of the breathalyzer test, administered one-half hour after appellant was stopped, when considered in the light of the foregoing evidence, was sufficient to permit the jury to find that appellant had operated a vehicle in violation of 75 Pa.C.S.A. § 3731(a)(4). *Slingerland, supra*. We will not overrule precedent nor invade the province of the legislature by creating a rule that imposes upon the Commonwealth a burden of relating blood alcohol content test results back to the time of the vehicular offense.

The judgment of sentence is affirmed.