545 A.2d 349

**COMMONWEALTH of Pennsylvania**

v.

**Bruce JOHNSON, Appellant.**

Superior Court of Pennsylvania.

Submitted March 21, 1988.

Filed July 29, 1988.

Bruce A. Franzel, Philadelphia, for appellant.

Donna G. Zucker, Assistant District Attorney, Philadelphia, for Com., appellee.

Before WIEAND, MONTGOMERY and HESTER, JJ.

WIEAND, Judge:

Bruce Johnson was tried nonjury and was found guilty of driving while under the influence of alcohol, homicide by vehicle while driving under the influence of alcohol, simple assault, and recklessly endangering another person.[1] Timely filed post-verdict motions were denied, and appellant was sentenced to a term of imprisonment of not less than three (3) years nor more than six (6) years for homicide by vehicle, to run concurrently with a term of imprisonment of not less than three (3) months nor more than six (6) months, plus a fine of $300, for driving while under the influence of alcohol.

On direct appeal from the judgment of sentence, Johnson argues that the evidence was insufficient to sustain the trial court's finding. The evidence was insufficient, he argues, because (1) the Commonwealth failed to establish that he was under the influence of alcohol, (2) the evidence failed to establish that he was incapable of safe driving or that his ingestion of alcohol was causally connected with the accident, and (3) the Commonwealth failed to show that he had been convicted of driving while under the influence of alcohol before he was tried and convicted of homicide by vehicle while under the influence of alcohol. He also contends that driving while under the influence of alcohol merged with the conviction for homicide by vehicle while under the influence of alcohol for sentencing purposes and

1. Charges of murder and voluntary manslaughter were *nolle prossed* by the Commonwealth, and the court found appellant not guilty of involuntary manslaughter and aggravated assault.

that separate sentences imposed by the trial court, therefore, were illegal. We find no merit in these arguments and affirm the judgment of sentence.

On appeal, our standard for evaluating a challenge to the sufficiency of the evidence involves several steps:

First, we accept as true all the evidence upon which the finder of fact could properly have reached its verdict. Next we give the Commonwealth the benefit of all reasonable inferences arising from that evidence. And finally, we ask whether the evidence, and the inferences arising from it, are sufficient in law to prove beyond a reasonable doubt that the defendant is guilty of the crime or crimes of which he has been convicted. This inquiry is bounded by two poles. On the one hand, the Commonwealth does not have to establish guilt to a mathematical certainty and may in a proper case rely wholly on circumstantial evidence. On the other hand, guilt must be proved; mere conjecture or surmise is not sufficient.

*Commonwealth v. Maldonado*, 343 Pa.Super. 154, 158, 494 A.2d 402, 404 (1985), quoting *Commonwealth v. Herman*, 271 Pa.Super. 145, 148–149, 412 A.2d 617, 619 (1979). The evidence must be sufficient to insure that the verdict is not based on guess, conjecture or surmise. However, the weight to be given the evidence and issues of witness credibility are for the trier of fact, who is free to believe all, part, or none of the evidence presented. *Commonwealth v. Griscavage*, 512 Pa. 540, 543, 517 A.2d 1256, 1257 (1986); *Commonwealth v. Harper*, 485 Pa. 572, 576–577, 403 A.2d 536, 539 (1979).

The offense of driving while under the influence of alcohol is defined as follows:

A person shall not drive, operate or be in actual physical control of the movement of any vehicle while:

(1) under the influence of alcohol to a degree which renders the person incapable of safe driving; ...

75 Pa.C.S. § 3731(a)(1).

The offense of homicide by vehicle while under the influence of alcohol is defined as follows:

Any person who unintentionally causes the death of another person as the direct result of a violation of section 3731 (relating to driving under influence of alcohol or controlled substance) and who is convicted of violating section 3731 is guilty of a felony of the third degree when the violation is the cause of death and the sentencing court shall order the person to serve a minimum term of imprisonment of not less than three years.

75 Pa.C.S. § 3735(a).

The evidence showed that on February 19, 1985, at approximately 3:50 p.m., appellant, an employee of the Philadelphia Water Department, was driving a white truck west on Church Street in Philadelphia. When he approached the intersection of Church Street and Torresdale Avenue, he went through a red light and struck a smaller, red truck being driven by Kenneth Larry Walker. Appellant's truck continued to move after the impact. It mounted the curb, struck a pedestrian who had been walking on the sidewalk, and crushed her against the wall of a building. The pedestrian died of injuries received in the accident. Appellant's speed as he entered the intersection was estimated by eyewitnesses to be forty or forty-five miles per hour.

Following the accident, appellant was observed by police officers who had been summoned to the accident scene. Officer Lawrence Clifford testified that appellant had been staggering, that his speech had been "slow and slurring," and that he had smelled of alcohol. Officer John Quigley and Sgt. Theodore Boone testified that appellant had been staggering and wobbly, that his eyes were bloodshot and watery, and that there was alcohol on appellant's breath. Quigley also said that appellant's speech was thick-tongued. Appellant was placed under arrest at the scene and was then transported to a hospital for treatment of injuries. An examination of appellant's truck disclosed eleven empty pint bottles of Thunderbird, one empty white wine bottle, five empty vodka bottles, one empty malt liquor bottle, an empty beer can, and a bottle of Wild Irish Rose wine, one-fourth of which had been consumed.

A sample of appellant's blood, taken at 4:43 p.m. (approximately fifty-three minutes after the accident), disclosed a blood alcohol level of .15%. A breathalyzer test, performed at 7:30 p.m. (approximately four hours after the accident), resulted in a blood alcohol reading of .06%. At trial, Guy V. Purnell, Chief Toxicologist and Director of Laboratory, Office of the Medical Director, was called by the Commonwealth and testified to average alcohol absorption and metabolic rates. He conceded that he could not state with medical certainty what appellant's blood alcohol level was fifty-three minutes before removal of the blood sample.

Appellant's argument that the evidence was insufficient to show that he was under the influence of alcohol is based upon the fact that the investigating police officers were not asked and did not testify that, in their opinions, he was under the influence of alcohol. Nevertheless, they did testify that appellant smelled of alcohol, that his speech was slurred, that his eyes were bloodshot and watery, and that his motor coordination appeared to be impaired. Appellant counters that these symptoms were equally consistent with the injuries which he had received in the accident. In addition to this evidence, however, the surrounding circumstances must be considered. These include the fact that he had entered the intersection, at a high rate of speed, in violation of a traffic light which had turned red before his arrival at the intersection. There were also blood and breathalyzer test results which could be considered. The blood sample, which had been withdrawn only fifty-three minutes after the accident, revealed a blood alcohol content of .15%. From this fact alone an inference could be drawn that appellant was under the influence of alcohol at the time of the accident. In *Commonwealth v. Gamber*, 352 Pa.Super. 36, 506 A.2d 1324 (1986), "evidence was introduced that appellant had a 0.14% blood alcohol level forty-seven minutes after he was initially observed." *Id.*, 352 Pa.Superior Ct. at 45, 506 A.2d at 1329. This was sufficient, the Court held, to sustain a finding of guilt. See also: *Commonwealth v. Arizini*, 277 Pa.Super. 27, 419 A.2d 643 (1980).

Cf. *Commonwealth v. Slingerland,* 358 Pa.Super. 531, 518 A.2d 266 (1986); *Commonwealth v. Speights,* 353 Pa.Super. 258, 509 A.2d 1263 (1986), *appeal denied,* 517 Pa. 594, 535 A.2d 83 (1987).

Appellant directs our attention to the statement made by the trial court that it would not consider the 0.15% blood alcohol reading because the Commonwealth's toxicologist could not state with medical certainty the level of appellant's blood alcohol at the time of the accident. In *Commonwealth v. Boyd,* 373 Pa.Super. 298, 541 A.2d 21 (1988), this Court held that "the Commonwealth is not required to offer evidence relating a blood alcohol test back to the time of a vehicular offense and that the absence of expert testimony relating back a remote test result would not render the test result insufficient to convict a defendant of [driving under the influence of alcohol]." *Id.,* 373 Pa.Superior Ct. at 301, 541 A.2d at 22. See also: *Commonwealth v. Slingerland, supra; Commonwealth v. Speights, supra.* The record in this case discloses unequivocally that the result of the blood test was competent evidence and was received by the trial court. The issue before this reviewing court is merely whether the record contains sufficient evidence to support the trial court's finding of guilt.

After a careful review of the evidence received by the trial court, we conclude that the totality of the evidence was sufficient to support the trial court's finding that appellant was under the influence of alcohol at the time of the accident. See: *Commonwealth v. Gamber, supra; Commonwealth v. Richardson,* 307 Pa.Super. 191, 452 A.2d 1379 (1982) (evidence of defendant's erratic driving, strong odor of alcohol on defendant's breath, and seven empty beer bottles in defendant's vehicle sufficient to sustain conviction); *Commonwealth v. Arizini, supra* (evidence that defendant lost control of vehicle, had odor of alcohol on breath and beer bottles in car, in addition to blood alcohol of .275% two and one-half hours later was sufficient to sustain conviction even though police did not express opinion that defendant was under influence of alcohol).

■ Appellant argues also that the evidence was insufficient to prove that driving while under the influence of alcohol was the legal cause of the victim's death. Because people who are not under the influence of alcohol regularly commit motor vehicle violations, he suggests, it cannot be said that his consumption of alcohol was a cause of the accident. We reject this argument. The evidence, as we have observed, was sufficient to show that appellant was under the influence of alcohol so as to be incapable of safe driving at the time of the accident. The evidence also showed that appellant was involved in a fatal accident under circumstances demonstrating that he was at fault in causing the same. These circumstances were sufficient to permit a finding that appellant's violation of the proscription against driving while under the influence of alcohol was a legal cause of the accident. Whether the fatality would not have occurred but for appellant's being under the influence of alcohol was, under the circumstances, a question for the trier of the facts. *Commonwealth v. Hicks,* 466 Pa. 499, 504, 353 A.2d 803, 805 (1976).

■ Appellant also contends that his collision with another truck after he had violated the stop light and the movement of the vehicles thereafter were intervening causes which attenuated the causal connection between his driving while under the influence of alcohol and the ensuing fatality. There is no merit in this argument. We rejected a similar argument in *Commonwealth v. Kostra,* 349 Pa.Super. 89, 502 A.2d 1287 (1985), where we said:

It is correct, as appellant argues, that the Commonwealth must prove beyond a reasonable doubt each and every element of the offense, including a causal connection between death and the wrongful act. See: *Commonwealth v. Floyd,* 499 Pa. 316, 317, 453 A.2d 326, 327 (1982); *Commonwealth v. Green,* 477 Pa. 170, 174, 383 A.2d 877, 879 (1978). The Commonwealth must prove *"beyond a reasonable doubt* that [the] death occurred as a result of injuries received in the incident or of a chain of events stemming from the incident." *Commonwealth v.*

*Baker*, 299 Pa.Super. 241, 247, 445 A.2d 544, 547 (1982). Causation is an issue of fact for the jury. *Commonwealth v. Hicks*, [*supra* 466 Pa. at 504, 353 A.2d at 805.] "A defendant's actions are the legal cause of death if they are a direct and substantial factor in bringing it about." *Commonwealth v. Paquette*, 451 Pa. 250, 254, 301 A.2d 837, 839 (1973). "So long as a defendant's actions are a direct and substantial factor in bringing about death, legal responsibility may be found." *Commonwealth v. Matthews*, 480 Pa. 33, 37, 389 A.2d 71, 73 (1978). A defendant cannot escape legal liability for homicide if his act starts an unbroken chain of causation which leads to death. See: *Commonwealth v. Robinson*, 468 Pa. 575, 584, 364 A.2d 665, 670 (1976); *Commonwealth v. Stafford*, 451 Pa. 95, 100, 301 A.2d 600, 604 (1973).

*Id.*, 349 Pa.Superior Ct. at 93–94, 502 A.2d at 1289.

■ Appellant's final argument regarding the alleged insufficiency of the evidence is novel. He contends that an element of the offense of homicide by vehicle while under the influence of alcohol entails a prior conviction for driving while under the influence of alcohol. This is based on the wording of the statute that one may be convicted of violating 75 Pa.C.S. § 3735(a) only if he has been convicted of violating section 3731. An existing conviction, he argues, must be proved by the Commonwealth as part of its case against a defendant. Therefore, he contends, there must be a conviction before the charge of violating section 3735(a) is submitted to the jury. We reject this argument.

Strict construction of a penal statute does not require that the words of the statute be given their narrowest meaning. Nor does it mean that the clear intent of the legislature is to be ignored by such a construction. To construe the statute as appellant would have us do would require separate trials for driving while under the influence of alcohol and homicide by vehicle while under the influence of alcohol. Such a construction, however, would run afoul of the teaching of *Commonwealth v. Campana*, 452 Pa.

233, 304 A.2d 432 (1973) and the mandates of 18 Pa.C.S. §§ 109 and 110. Therefore, we do not interpret 75 Pa.C.S. § 3735(a) to require separate trials. It is enough that charges of violating 75 Pa.C.S. § 3731 and 75 Pa.C.S. § 3735 be submitted to the same factfinder. The statute requires only that there can be no conviction for homicide by vehicle while under the influence of alcohol in violation of 75 Pa.C.S. § 3735(a) unless there is also a conviction of driving while under the influence of alcohol in violation of 75 Pa.C.S. § 3731.

█ Appellant's final contention is that his sentence for driving while under the influence of alcohol is illegal because it should have merged for sentencing purposes in his conviction for homicide by vehicle while under the influence of alcohol. This issue was before the Supreme Court in *Commonwealth v. McCane*, 517 Pa. 489, 539 A.2d 340 (1988). The Court said:

> [T]he two separate and distinct crimes of driving under the influence, and homicide by vehicle while driving under the influence, seek to protect two different interests. Driving under the influence is a victimless crime which aims to keep our roads and highways clear of the risks and dangers posed by intoxicated drivers. Homicide by vehicle while driving under the influence is a crime with a specific victim or victims which seeks to protect the distinct and particular life interest of such victims. *See Commonwealth v. Rhodes*, 510 Pa. 537, 510 A.2d 1217 (1986). (The doctrine of lesser included offenses does not prohibit the conviction and sentence for both rape and statutory rape arising from a single act of sexual intercourse.) *Also see Commonwealth v. Sayko*, 511 Pa. 610, 515 A.2d 894 (1986).

*Id.*, 517 Pa. at 499, 539 A.2d at 345. Because appellant injured separate interests of the Commonwealth, as protected by separate statutory proscriptions, his convictions did not merge for purposes of sentencing.

The judgment of sentence of the trial court is affirmed.