563 A.2d 109

**COMMONWEALTH of Pennsylvania**

v.

**Giuseppe GAROFALO, Appellant.**

Superior Court of Pennsylvania.

Argued March 8, 1989.

Filed Aug. 3, 1989.

364

James W. Harris, York, for appellant.

John Flinchbaugh, Asst. Dist. Atty., York, for Com.

Before WIEAND, McEWEN and OLSZEWSKI, JJ.

OLSZEWSKI, Judge:

■ This is an appeal from a judgment of sentence after conviction for driving under the influence of alcohol pursuant to 75 Pa.C.S.A. § 3731(a)(4). On appeal, appellant raises several arguments for our review.[1] For the following reasons, we affirm the judgment of sentence.

1. Appellant argues the following issues:

   1. The verdict of guilty is contrary to the weight of the evidence.

   2. The verdict of guilty is contrary to the evidence introduced at the trial of the defendant.

   3. The verdict of guilty is contrary to law.

   4. Did the learned Trial Judge err in permitting the results of the blood test to be admitted into evidence on the strength of the testimony of Charlene McGrath?

   5. Was the defendant denied his constitutional rights under the [C]onfrontation [C]lause of the Sixth Amendment by the admission of the blood test results without the presence of the lab technician, Carlene DeLuca?

   6. Was the Act under which the defendant was convicted, 75 Pa.C.S.A. [§] 3731(a)(4), unconstitutional because it is irreconcilable with 75 Pa.C.S.A. [§] 1547(d)(3)?

   7. Did the Commonwealth prove the level of alcohol in the defendant's blood at the time of the stop?

   8. Did the evidence offered by the [C]ommonwealth showed [sic] the result at the time of the test and not at the time of driving?

   9. The Commonwealth did not prove beyond a reasonable doubt that the defendant was guilty of Driving Under The Influence, while the level of alcohol in his blood was .10% or greater.

Brief of appellant at p. 3.

On June 22, 1987, at approximately 2:48 a.m., appellant was stopped by two officers from the Northern York County Police Department after the officers noted that the rear lights on appellant's vehicle were not operational. Upon approaching the vehicle, one of the officers noted a strong odor of alcohol. Suspecting that appellant was under the influence, one of the officers requested that appellant perform several field sobriety tests. After failing two of the three tests, appellant was placed under arrest and taken to a hospital where a blood test was performed at approximately 3:35 a.m. The results of the blood test indicated that appellant had a blood-alcohol content of .12 percent.

Appellant was charged with driving under the influence under § 3731(a)(1) and (4) of the Motor Vehicle Code.[2] After a trial by jury, appellant was convicted of operating a vehicle while his blood-alcohol level was in excess of .10 percent, a violation of § 3731(a)(4). Post-trial motions were filed and denied, and appellant was sentenced to a term of imprisonment totaling 48 hours to one year plus a fine of $500. Appellant then filed the instant appeal.

Appellant's first contention relates to the admission of the results of his blood-alcohol test. Two arguments are

---

Issues 1 through 3, despite being addressed by the trial court in the nature of a sufficiency of the evidence argument, are clearly boilerplate. As such, these specific arguments preserve no issue for appellate review; therefore, they are waived. See *Commonwealth v. MacSherry*, 371 Pa.Super. 164, 537 A.2d 871 (1988); *Commonwealth v. Gregory*, 309 Pa.Super. 529, 455 A.2d 1210 (1983) (boilerplate issues not preserved by the mere fact that the trial court addressed them in its opinion). In any event, in light of our disposition of the remaining issues, it is our determination that these specific issues are completely meritless. Therefore, for either reason, they must be rejected.

2. The pertinent parts of § 3731(a) provide as follows:
**§ 3731. Driving under the influence of alcohol or controlled substance**
**(a) Offense defined.**—A person shall not drive, operate or be in actual physical control of the movement of any vehicle while:
(1) under the influence of alcohol to a degree which renders the person incapable of safe driving;

\* \* \* \* \* \*

(4) the amount of alcohol by weight in the blood of the person is 0.10% or greater.
75 Pa.C.S.A. § 3731(a).

advanced: first, that the introduction of the results violated the hearsay rule; and in the alternative, the introduction of the results violated the Confrontation Clause of the United States Constitution.

Before we address the merits of these claims, we must decide whether they are properly before this Court. It is well-settled that to preserve an issue for appellate review, two requirements must be met: first, the litigant must make a timely specific objection; and second, he must argue the alleged error on a post-trial motion. *Commonwealth v. DeBooth,* 379 Pa.Super. 522, 550 A.2d 570 (1988); *Commonwealth v. Celijewski,* 324 Pa.Super. 185, 471 A.2d 525 (1984); *Commonwealth v. Hughes,* 268 Pa.Super. 536, 408 A.2d 1132 (1979); *Commonwealth v. Clair,* 458 Pa. 418, 326 A.2d 272 (1974). Timeliness requires a specific objection at the proper stage in the questioning of a witness and at the proper stage in the trial proceedings. In the case at bar, appellant made no objection pre-trial or during testimony of this case which would indicate that he was displeased with the results of the blood test, nor did he object to its admission into evidence. Under these circumstances, we deem these arguments to be waived, and on that basis, we reject appellant's initial claims.

Our finding of waiver would not affect the outcome of this case were these arguments properly preserved for our review. Rather, these identical arguments were addressed and rejected by a recent panel of this Court in *Commonwealth v. Kravontka,* 384 Pa.Super. 346, 558 A.2d 865 (1989). In that case, we held that blood-alcohol test results may be properly admitted into evidence without the presence of the technician who performed the test. We reasoned that said results fall within the business records exception to the hearsay rule and do not offend a defendant's right of confrontation. In so doing, reliance was placed on *Commonwealth v. Karch,* 349 Pa.Super. 227, 229, 502 A.2d 1359, 1361 (1986), in which we stated:

It is well established that hospital records are admissible to show the facts of hospitalization, treatment prescribed,

and symptoms present [citations omitted].  In *Commonwealth v. Seville*, [266 Pa.Super. 587, 405 A.2d 1262 (1979)], a case directly on point with the one *sub judice*, the Court held that blood-alcohol test results were properly admitted into evidence without the presence of the technician who performed the test.  The Court reasoned that the test results were admissible under the hospital records exception to the hearsay rule: since a blood-alcohol test is basic and routine, it is highly reliable and thus rises beyond a mere opinion or conclusion to the level of medical fact.  "No such doubts as to reliability and accuracy are entertained when a record is offered merely to prove facts ... *or the existence of some readily ascertained substance or chemical within the body.*"  *Id.* 266 Pa.Super. at 592, 405 A.2d at 1264.  (Emphasis added).  Even if the hospital records are hearsay, "... the elements of trustworthiness serv[e] in place of the safeguards ordinarily afforded by confrontation and cross-examination, which justifies admission of the writing or record without the necessity of calling all persons who may have had a hand in preparing it."  *Commonwealth v. Seville*, 266 Pa.Super. at 492, 405 A.2d at 1265.

*Kravontka*, 384 Pa.Super. at 350, 558 A.2d at 867, *citing Commonwealth v. Karch*, 349 Pa.Super. at 243, 502 A.2d at 1369.

■ In support of his argument regarding the right of confrontation, appellant relies solely on the dissent in *Karch*, authored by then President Judge Spaeth, in which the issue is examined from a constitutional perspective.  This identical argument, rejected by the majority in *Karch*, was likewise rejected after an exhaustive analysis by the Court in *Kravontka*.  Because we find this latter analysis persuasive, appellant's adherence to the dissent in *Karch* would be of no avail.

■ Nor do we find merit to appellant's claim that the blood test results were not properly admitted under the

Business Records as Evidence Act[3] or the Motor Vehicle Code[4]. In the case at bar, Charlene McGrath testified that she was the custodian of the laboratory's records. As part of her testimony, she identified the laboratory record of appellant, which showed the date and time of the taking of the sample and performance of the test. She verified that the record was printed contemporaneously with the transaction to capture the exact date and time, and that this was the standard operating procedure. She also testified concerning the time at which the blood sample was taken and the eventual time at which it was tested. Moreover, the trial court took judicial notice that the hospital in which the test was taken was an approved laboratory for purposes of performing such blood tests at the time appellant's test was performed. *See* Pennsylvania Bulletin, Vol. 17, No. 41, October 10, 1987. As such, all equipment, personnel, and procedures used are qualified and approved in accordance with 75 Pa.C.S.A. § 1547(c)(2) to allow admission of the

**3.** Appellant claims that the Commonwealth failed to lay a proper foundation prior to admittance of the test results. He argues that the testifying witness, Charlene McGrath, did not identify any blood record or testify about record keeping practices at the hospital where the test was taken. As such, he contends that the Commonwealth did not meet the requirements of 42 Pa.C.S.A. § 6108 which provides in pertinent part:

(b) General Rule.—A record of an act, condition or event shall, insofar as relevant, be competent evidence if the custodian or otherwise qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business at or near the time of the act, condition or event, and if, in the opinion of the tribunal, the sources of information, method and time of preparation were such as to justify its admission.

42 Pa.C.S.A. § 6108(b).

**4.** Appellant claims that the Commonwealth failed to show that his blood test was conducted by a qualified person as set forth in 75 Pa.C.S.A. § 1547(c) as follows:

(c) Test results admissible in evidence.—In any summary or criminal proceeding in which the defendant is charged with a violation of section 3731 or any other violation of this title arising out of the same action, the amount of alcohol or controlled substance in the defendant's blood, as shown by chemical testing of the person's breath, blood or urine, which tests were conducted by qualified persons using approved equipment, shall be admissible in evidence.

75 Pa.C.S.A. § 1547(c).

record. Under these circumstances we conclude, as in *Kravontka*, that the mere fact that Ms. McGrath did not see the actual testing of appellant's blood and the fact that appellant did not have an opportunity to cross-examine the actual test taker would not warrant a conclusion that the trial court erred by admitting the blood test results.

■ Next, appellant claims that 75 Pa.C.S.A. § 3731(a)(4), the act under which he was convicted, is unconstitutionally irreconcilable with 75 Pa.C.S.A. § 1547(d)(3).[5] Appellant contends that the former statute mandates conviction for blood-alcohol percentage greater than .10 percent, whereas the latter statute, which uses the word "may," implies conviction is permissive only. We disagree.

■ When reviewing a challenge to the constitutionality of statutes, there is a strong presumption in favor of a finding of constitutionality. An Act of Assembly will not be declared unconstitutional unless it clearly, palpably, and plainly violates the Constitution. All doubts are to be resolved in favor of sustaining the legislation. *Pennsylvania Federation of Teachers v. School District of Philadelphia*, 506 Pa. 196, 200, 484 A.2d 751, 754 (1984); *Commonwealth v. Robinson*, 497 Pa. 49, 52, 438 A.2d 964, 966 (1981); *Hayes v. Erie Insurance Exchange*, 493 Pa. 150, 154, 425 A.2d 419, 421 (1981). In the present case, appellant has misconstrued the language of the statutes in question. Section 3731(a)(4) mandates that a person shall not drive a vehicle when his blood-alcohol level is .10 percent or greater. On the other hand § 1547, an evidentiary provision, states that a chemical test of the blood or urine may be introduced as evidence when seeking a conviction under § 3731; it does not mandate punishment or provide a burden of proof. Therefore, we find that the two statutes

**5.** Section 1547(d)(3) states as follows:
> If chemical testing of a person's breath, blood or urine shows that the amount of alcohol by weight in the blood of the person tested is .10% of greater, this fact may be introduced into evidence if the person is charged with violating section 3731.
> 75 Pa.C.S.A. § 1547.

are wholly consistent with each other. Accordingly, we reject this claim.

■ Finally, appellant contends that the Commonwealth was unable to prove that, at the time of arrest, his blood alcohol content was .10 percent or greater. He argues that since the blood sample was taken at 3:35 a.m. while the actual analysis was performed at 11:20 a.m., a delay of approximately eight hours, the Commonwealth failed to prove beyond a reasonable doubt that he was intoxicated while driving as required by 75 Pa.C.S.A. § 3731(a)(4). We disagree.

Appellant is apparently laboring under the misguided notion that the results of the test pertain to his blood alcohol level at 11:20 a.m., rather than the time the actual blood sample was taken. To the contrary, Charlene McGrath, testifying as an expert in the field of blood analysis, related that shortly after a blood sample is removed it is placed in a preservative which will halt any chemical changes in the blood. According to Ms. McGrath, this procedure insures that as long as the sample is tested within twenty-four hours, it will reflect an accurate representation of the blood alcohol level at the time of the drawing of the blood. Here, appellant's blood was drawn at 3:35 a.m., therefore, the results of the analysis of that blood, conducted well within the twenty-four hour limitation, pertain to that time period. Since appellant was arrested at 2:48 a.m. that same morning, the actual delay between the time appellant was operating his vehicle and the time the test was taken amounted to forty-seven minutes.

Under these circumstances, we find that the proper resolution of this issue is contained in the analysis of this Court in *Commonwealth v. Boyd,* 373 Pa.Super. 298, 541 A.2d 21 (1988) (*en banc*). In *Boyd,* relying in part on the analysis set forth in *Commonwealth v. Speights,* 353 Pa.Super. 258, 509 A.2d 1263 (1986), we determined that the Commonwealth need not attempt to offer evidence relating back to a blood alcohol test taken some time after a defendant's

arrest.[6] According to both decisions, the Commonwealth is merely required to provide evidence beyond a reasonable doubt that a defendant was operating a vehicle while intoxicated. In so doing, the Commonwealth may introduce the test results as evidence of a defendant's guilt, and their introduction alone does not compel a finding of guilt, especially where there is competent evidence of record challenging their accuracy. *Commonwealth v. Boyd*, 373 Pa.Super. at 300, 541 A.2d at 22.

Instantly, evidence was presented that appellant upon being stopped by police smelled strongly of alcohol, failed two of three field sobriety tests, and admitted to previously consuming four gin and tonics. Appellant's challenges to his blood alcohol test, rejected previously in this opinion, do not relate to the accuracy of the results, nor was any competent evidence introduced to suggest an inaccuracy. Under these circumstances, we conclude that a jury could properly find appellant guilty of operating a vehicle in violation of 75 Pa.C.S.A. § 3731(a)(4). We therefore reject his final claim.

Judgment of sentence affirmed.

McEWEN, J., files a concurring statement.

McEWEN, Judge, concurring.

The author of the majority view quite correctly concludes that application of the principles presently prevailing in this Commonwealth require rejection of the arguments of appellant. Moreover, the fine expression of the majority, in rejecting the constitutional challenge, relies upon the careful rationale of our eminent colleague Judge Zoran Popovich in *Commonwealth v. Kravontka*, 384 Pa.Super. 346, 558 A.2d 865 (1989). I write only to observe that I, most respectfully, do not share the view of my colleagues that the presentation of reports of blood alcohol analysis does not violate the rights of an accused under the Confrontation

6. In *Boyd*, the delay between the arrest and the taking of the breathalyzer test was thirty minutes. In *Speights*, the delay between the two events was two hours and forty-five minutes.

Clause of the United States Constitution. I forego expression of the basis for my conclusion since it in major measure mirrors the rationale already provided in the dissenting opinion of our esteemed former colleague and President Judge Edmund B. Speath, Jr., in *Commonwealth v. Karch,* 349 Pa.Super. 227, 502 A.2d 1359 (1986).