J-A04016-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PATRICK J. DOHENY, JR. | |
| Appellant | No. 28 WDA 2014 |

Appeal from the Judgment of Sentence of June 24, 2013
In the Court of Common Pleas of Allegheny  County
Criminal Division at No(s): CP-02-CR-0001734-2012

BEFORE:  OLSON, WECHT AND STRASSBURGER,* JJ.

MEMORANDUM BY OLSON, J.:                   **FILED APRIL 09, 2015**

Appellant, Patrick Doheny, appeals *pro se* from the judgment of sentence entered on June 24, 2013 in the Criminal Division of the Court of Common Pleas of Allegheny County, as made final by the denial of post-sentence motions on December 16, 2013.  We affirm.[1]

_____

[1] On March 13, 2015, Appellant filed an application for relief requesting that we remand this matter to the trial court for consideration of a petition for post-conviction relief or, alternatively, an evidentiary hearing.  As grounds for relief, Appellant argues that materials obtained through discovery in two civil actions filed against the City of Pittsburgh show that witnesses who testified on behalf of the Commonwealth committed perjury at Appellant's trial.  **See** Application for Relief, 3/13/15, at ¶ 16.  Appellant's application did not attach the discovery materials but, instead, attached a confidentiality agreement executed by Appellant and a representative of the City of Pittsburgh.  According to the confidentiality agreement, Appellant may use the materials in litigation so long as he gives 20 days' notice to the City.

*(Footnote Continued Next Page)*

*Retired Senior Judge assigned to the Superior Court.

The trial court summarized the testimony introduced at trial as follows:

The evidence adduced at trial demonstrated that Lorenz Neureuter was operating his motorcycle on Baum Boulevard in the Bloomfield section of the City of Pittsburgh on October 5, 2011 during the evening hours. He was travelling approximately 30 miles per hour in an area that had a speed limit of 35 miles per hour. As he was heading west in the curb lane on Baum Boulevard, a car in the oncoming lane operated by [Appellant] began swerving out of control across the double yellow line in the center of the road. [Appellant's] vehicle crossed into the left lane and then the curb lane of oncoming traffic and collided with Mr. Neureuter's motorcycle. Mr. Neureuter was thrown from the motorcycle. He was wearing a helmet, boots and a jacket. He was not able to get up from the street and he could not move his left arm and left leg. His motorcycle caught fire. The front fork and wheel of the motorcycle became separated from the motorcycle. Soon, help arrived and he was taken to UPMC Presbyterian Hospital. He sustained a compound fracture of the left tibia, a shattered, broken left elbow, a dislocated leg, a fractured hip and various other injuries. He remained at UPMC Presbyterian hospital for a week. He spent an additional three

_(Footnote Continued)_ _____

This Court recognizes a litigant's right to raise after-discovered evidence during the direct appeal process. **_See Commonwealth v. Perrin_**, 108 A.3d 50 (Pa. Super. 2015); Pa.R.Crim.P. 720, Comment ("[A]fter-discovered evidence discovered during the direct appeal process must be raised promptly during the direct appeal process, and should include a request for a remand to the trial judge...."). We also recognize that,

To obtain relief based on after-discovered evidence, appellant must demonstrate that the evidence: (1) could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted.

**_Perrin_**, **_supra_**. Because Appellant has not attached the newly-discovered materials to his petition, and since he expressly averred that the materials will be used for the purpose of impeachment, we deny Appellant's application for relief.

weeks in a nursing home. As of the time of trial, Mr. Neureuter had residual effects of his injuries. He has permanent limited range of motion in his left elbow, he has a loss of feeling in two fingers and he walks with a limp. He is no longer able to run. Mr. Neureuter did not consume any alcohol, drugs or prescribed medication prior to the incident.

Officer William Kunz of the City of Pittsburgh Bureau of Police testified that he responded to the scene. Officer Kunz has made between 200 and 250 arrests for DUI. Upon arriving at the scene, he identified [Appellant] as the driver of the car involved in the accident. He approached [Appellant, who] appeared confused and disoriented. His eyes were glassy, bloodshot and unfocused. He noted an odor of alcohol emanating from [Appellant]. [Appellant] advised Officer Kunz that he was driving eastbound on Baum Boulevard and he attempted to pass a vehicle in front of him by entering the left passing lane. He related to Officer Kunz that as he began to pass the vehicle, he felt an impact. He wasn't sure he hit something or if something hit him. Officer Kunz looked into [Appellant's] car, which was parked down the street, and he observed a cardboard container for a six-pack of beer and there were three loose bottles of beer in the vehicle which were cold. Due to the fact that an accident reconstruction team was called to the scene and Officer Kunz believed somebody else would be administering them, field sobriety tests were not immediately requested. Accident reconstruction indicated that the collision occurred in the west bound curb lane of Baum Boulevard and that [Appellant's] car had been sliding sideways across Baum Boulevard prior to the accident. This conclusion was consistent with Mr. Neureuter's testimony.

City of Pittsburgh Police Officer Glen Aldridge responded to the scene. Officer Aldridge testified that he had made approximately 200 prior DUI arrests. Officer Aldridge was qualified as an expert in accident reconstruction and an expert in alcohol recognition. In addition to investigating the actual accident to perform a reconstruction of the accident, Officer Aldridge encountered [Appellant]. [Appellant's] eyes were glassy and glazed and he had alcohol on his breath. He observed [Appellant's] gait as he walked and it appeared wobbly. Based on his observations of [Appellant], he believed [Appellant] was under the influence of alcohol and that he was not able to safely operate a motor vehicle due to the effects of the alcohol. During

the course of his interaction with [Appellant], [Appellant] indicated to Officer Aldridge that he [Appellant] didn't know what happened to cause the accident.

City of Pittsburgh Police Officer Kevin Walters testified as an expert in accident reconstruction and in alcohol recognition. He has made numerous DUI arrests and has observed over 100 people to determine whether they are under the influence of alcohol. He responded to the accident scene and did encounter [Appellant]. He observed [Appellant's] bloodshot and glassy eyes. [Appellant] appeared to be slow in answering questions posed to him by Officer Walters. [Appellant] swayed as he stood. Officer Walters believed that [Appellant] was under the influence of alcohol and was not able to safely operate a motor vehicle.

[Appellant's] blood alcohol reading was .139[% whole blood ethanol], at 1:10 a.m., roughly over an hour after the accident.

[Appellant] presented the testimony of an expert in accident reconstruction. The expert testified that there could have been other causes of the accident unrelated to [Appellant's] alcohol consumption, namely an underinflated tire. He could not, however, offer any opinion as to whether alcohol played any role in the accident in this case.

Additionally, [Appellant] presented the testimony of his mother. She testified that she received a phone call from [Appellant] at approximately midnight on [October 6, 2011] indicating that he had been in an accident. His mother and father appeared at the accident scene at approximately 12:15 a.m. She testified that [Appellant] was excited, not slurring his words, and that she did not smell an odor of alcohol on him and that he did not exhibit any signs of intoxication.

Trial Court Opinion, 7/18/14, at 1-4.

The procedural history of this case is as follows. Following the accident, the Commonwealth charged Appellant with: one count of aggravated assault by vehicle while driving under the influence (AA-DUI), 75 Pa.C.S.A. § 3735.1(a); driving under the influence of alcohol resulting in

bodily injury, 75 Pa.C.S.A. § 3804(b); driving under the influence of alcohol – blood alcohol .10% to less than .16%, 75 Pa.C.S.A. § 3802(b); driving under the influence of alcohol – general impairment, 75 Pa.C.S.A. § 3802(a)(1); reckless driving, 75 Pa.C.S.A. § 3736(a); and, driving on the right side of roadway, 75 Pa.C.S.A. § 3301(a).

Appellant proceeded to a bench trial on January 18, 2013. On January 23, 2013, at the conclusion of trial, the court acquitted Appellant of reckless driving but found him guilty of all other offenses. On June 24, 2013, Appellant received an aggregate sentence of 18 months of intermediate punishment, followed by four years' probation.

On July 17, 2013, the trial court denied the Commonwealth's request for restitution beyond a nominal amount and granted Appellant a 60-day extension of time to file post-sentence motions. The trial court also extended the period for deciding post-sentence motions by 30 days. Trial counsel obtained leave to withdraw on September 9, 2013 and Appellant filed *pro se* post-sentence motions on September 16, 2013. The trial court denied Appellant's motions by order dated December 16, 2013. Appellant filed a *pro se* notice of appeal on January 2, 2014. Thereafter, pursuant to an order of court under Pa.R.A.P. 1925(b), Appellant filed a concise statement of errors complained of on appeal on January 23, 2014. The trial court filed its opinion on July 18, 2014.

Appellant's brief raises the following questions for our review:

Was the evidence submitted at trial insufficient as matter of law to sustain Appellant's conviction for [AA-DUI] pursuant to 75 Pa.C.S.A. § 3735.1?

Did the [t]rial [c]ourt commit an error of law or abuse of discretion by improperly shifting the burden of proof to Appellant to disprove that his alleged alcohol consumption was the cause of the victim's injuries, where the Commonwealth failed to establish a *prima facie* case that Appellant's alleged alcohol consumption was the cause of the victim's injuries?

Did the [t]rial [c]ourt commit an error of law by convicting Appellant of [AA-DUI] pursuant to 75 Pa.C.S.A. § 3735.1, while acquitting Appellant of the lesser-included offense of [r]eckless [d]riving pursuant to 75 Pa.C.S.A. § 3736(a), thereby constituting an inconsistent verdict mandating a judgment of acquittal on the [AA-DUI] charge?

Did the Trial Court commit an error of law or abuse of discretion by failing to order a new trial on the basis of the Commonwealth's repeated and bad faith discovery violations, including but not limited to inexcusably failing to produce the Commonwealth's toxicologist expert report until sixteen (16) days after the Trial Court-ordered deadline and less than a month before trial, and failing to disclose, until the middle of trial, two critical accident scene measurements that Appellant's then-counsel had repeatedly requested and that Appellant's expert required prior to trial to complete expert analysis and reconstruction of the accident?

Appellant's Brief at 4.

Appellant's first issue alleges that the evidence introduced by the Commonwealth was legally insufficient to support his conviction for AA-DUI. Specifically, Appellant's challenge asserts that the Commonwealth failed to prove that his intoxication caused the victim's injuries. Appellant's second claim contends that, because the Commonwealth failed to establish a *prima facie* case that Appellant's alcohol consumption caused the victim's injuries,

the trial court erroneously shifted the burden of proof to Appellant to disprove that alcohol consumption harmed the victim. Since these claims are logically related, we dispose of them in a single discussion.

Our standard of review on a challenge to the sufficiency of the evidence is well settled.

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. **The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence.** Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact[,] while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Thompson*, 106 A.3d 742, 756 (Pa. Super. 2014) (emphasis in original).

The statutory definition of AA-DUI is as follows:

**§ 3735.1. Aggravated assault by vehicle while driving under the influence**

> Offense defined.--Any person who negligently causes serious bodily injury to another person as the result of a violation of section 3802 (relating to driving under influence of alcohol or controlled substance) and who is convicted of

> violating section 3802 commits a felony of the second degree when the violation is the cause of the injury.

75 Pa.C.S.A. § 3735.1.

Appellant's sufficiency claim does not dispute the severity of the victim's injuries or the sufficiency of the evidence related to his intoxication. Instead, Appellant alleges that the Commonwealth failed to prove that alcohol-related impairment caused the victim's injuries.

This Court has previously observed that,

> The Crimes Code provides that the negligence required for commission of the offense of aggravated assault by vehicle DUI is present "when [a person] should be aware of a substantial and unjustifiable risk ... [that is] of such a nature and degree that the actor's failure to perceive it ... involves a gross deviation from the standard of care that a reasonable person would observe in that actor's situation."

*Commonwealth v. Miller*, 810 A.2d 178, 181 (Pa. Super. 2002) (internal quotation and punctuation marks in original), *appeal denied*, 825 A.2d 638 (Pa. 2003); *see also* 18 Pa.C.S.A. § 302(b)(4). "Criminal responsibility is properly assessed against one whose conduct was a direct and substantial factor in producing the [injury] even though other factors combined with that conduct to achieve the result." *Commonwealth v. Ketterer*, 725 A.2d 801, 806 (Pa. Super. 1999) (citation omitted). "As long as the defendant's conduct started the chain of causation which led to the victim's injuries, criminal responsibility may properly be found." *Id.* The role of the accused's inebriation in causing a traffic collision is an issue that the factfinder may resolve. *Miller*, 810 A.2d at 182.

Our review of the certified record in this case convinces us that the Commonwealth introduced sufficient evidence to establish, beyond a reasonable doubt, that Appellant committed the offense of AA-DUI. Three Pittsburgh police officers experienced in conducting alcohol-related traffic arrests encountered Appellant at the accident scene. Each officer testified that Appellant emitted an odor of alcoholic beverage, that his speech was slurred, that his eyes were glassy, bloodshot and unfocused, and that he was unstable on his feet. One of the officers observed a cardboard six-pack container in Appellant's vehicle and three loose beer bottles, which were cold to the touch. Appellant eventually consented to a blood draw that revealed a blood alcohol level of .139%.

The evidence, including Appellant's own statements, also established that Appellant encountered a parked car while he was driving in an easterly direction on Baum Boulevard.[2] While attempting to circumvent this obstacle, Appellant's car skidded into an oncoming traffic lane where he collided with the victim's motorcycle. Combining the testimony of the officers with the evidence relating to the reconstruction of the accident, the trial court had ample evidence from which to conclude that Appellant's intoxication impaired his ability perform a routine traffic maneuver, which ultimately

---

[2] Although the accident occurred at night, the record shows that the road surface where the collision occurred is straight and flat. There is no evidence that Appellant's vehicle encountered a mechanical problem.

caused the collision with the victim's motorcycle. We perceive no error in the trial court's causation analysis, as we have repeatedly held that a factfinder may infer that alcohol diminished a motorist's judgment and ability to perceive, process, and adapt to changing road conditions and traffic hazards. *Cf*. *Miller*, *supra*, *Ketterer*, *supra*, and *Commonwealth v. Johnson*, 545 A.2d 349 (Pa. Super. 1988). Since we have determined that the Commonwealth proved causation beyond a reasonable doubt, we agree with the trial court that Appellant's burden-shifting claim is frivolous.

In his third claim, Appellant asserts that, because the trial court acquitted him of reckless driving, the verdict rendered against him in this case was inconsistent and, therefore, his conviction on the charge of AA-DUI must be discharged. This claim is meritless.

In rejecting this claim, the trial court aptly distinguished the *mens rea* for reckless driving from the *mens rea* for AA-DUI. *See* Trial Court Opinion, 7/18/14, at 13-14. To prove reckless driving, the Commonwealth must demonstrate beyond a reasonable doubt that Appellant operated his vehicle with a wanton and willful disregard for the safety of others. 75 Pa.C.S.A. § 3736; *Commonwealth v. Billick*, 830 A.2d 998, 1001-1002 (Pa. Super. 2003). This standard entails a showing of recklessness or, in other words, a conscious disregard of a substantial and unjustifiable risk. *Id.*; 18 Pa.C.S.A. § 302(b)(3). By contrast, the *mens rea* for AA-DUI is criminal negligence. This standard requires proof that the defendant should have been aware of a

substantial and unjustifiable risk. *See Miller*, 810 A.2d at 181. Since the trial court found that Appellant should have been aware of the risks that his conduct involved, and not that Appellant acted with conscious disregard of a substantial and unjustifiable risk, the verdicts rendered in this case were not inconsistent. Nevertheless, even if the verdicts were inconsistent, they would not be subject to attack so long as sufficient evidence supported the conviction. *See Commonwealth v. Miller*, 35 A.3d 1206, 1208 (Pa. 2012) ("acquittal cannot be interpreted as a specific finding in relation to some of the evidence, and that even where two verdicts are logically inconsistent, such inconsistency alone cannot be grounds for a new trial or for reversal").

Appellant's final claim alleges that he is entitled to a new trial because of the Commonwealth's discovery violations. In support of this claim, Appellant points out that the Commonwealth failed to produce the report of its expert toxicologist until December 21, 2012, in violation of an order directing the parties to exchange expert reports no later than December 5, 2012. Appellant also notes that the Commonwealth failed to produce two accident scene measurements until the middle of trial. These contentions merit no relief as Appellant has failed to show an abuse of discretion on the part of the trial court.

Decisions involving discovery matters are within the sound discretion of the trial court and will not be overturned absent an abuse of that discretion. *Commonwealth v. Hemingway*, 13 A.3d 491, 502 (Pa. Super.

2011), *appeal denied*, 24 A.3d 864 (Pa. 2011). An abuse of discretion is not established unless the defendant can show that he was prejudiced by a discovery ruling. *See Commonwealth v. Williams*, 863 A.2d 505, 516 (Pa. 2004).

In rejecting Appellant's claim with respect to the Commonwealth's toxicology expert, the trial court explained that, because of the untimely nature of the Commonwealth's disclosure, the toxicologist was precluded from testifying "about the effect of alcohol on the brain and the effects of alcohol as applied to the facts of this case." Trial Court Opinion, 7/18/14, at 12-13. Nevertheless, the trial court permitted the toxicologist to testify about Appellant's blood alcohol level since the Commonwealth produced that information during pretrial discovery. Thus, the trial court determined that there was no discovery violation as to Appellant's blood alcohol reading. We agree with the trial court's assessment and discern no abuse of discretion in the court's treatment of the permitted scope of the toxicologist's testimony.

We also conclude that the trial court did not abuse its discretion in refusing to grant a new trial based upon the untimely production of the accident scene measurements. At trial, the Commonwealth stipulated that it did not intend to rely on excessive speed as a causative factor in the accident. Thus, while the trial court agreed that the late disclosure constituted a surprise, the court declined to grant relief because Appellant did not demonstrate actual harm based upon the prosecutor's conduct. On

appeal, Appellant has not articulated how his trial strategy would have been different if the Commonwealth produced the accident scene measurements earlier. Therefore, because Appellant has not demonstrated how he was harmed by the trial court's discovery ruling, we decline to grant the requested relief.

Judgment of sentence affirmed. Application for relief denied. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/9/2015