## Gerson, Appellant, v. Philadelphia.

Argued May 14, 1941. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Ralph Schwartz,* for appellant.

*James Francis Ryan,* Assistant City Solicitor, and *Francis F. Burch,* City Solicitor, for appellee, were not heard.

OPINION BY MR. JUSTICE STERN, May 26, 1941:

Frank Gerson, plaintiff, filed an application with the Civil Service Commission of the City of Philadelphia on March 17, 1937, to take the examination for the position of hoseman in the Bureau of Fire. The schedule for the examination, of which all the applicants had notice, required that they must be not less than twenty-five years of age on March 31, 1937. In his application plaintiff made affidavit that he was born September 21, 1911, and that he was therefore twenty-five years of age. As a result of the examination plaintiff's name was published by the Commission on May 29, 1937, as eligible for appointment, and was included in the list forwarded to the Director of Public Safety on August 17, 1938. Two days later, and before the list had been acted upon, the Commission notified the Director that it recalled Gerson's name pending further investigation. Nevertheless, on September 1, 1938, the Director appointed Gerson and swore him in for duty. At a hearing held September 6, 1938, at which plaintiff appeared and testified, the Commission found that according to his birth certificate he was born, not on September 21, 1911, but on September 21, 1912, and that therefore he had misstated his age; accordingly the Commission instructed the Director to strike his name

from the rolls of the Department. On October 25, 1938, plaintiff brought mandamus proceedings against the Commission in Court of Common Pleas No. 1, of Philadelphia County, which issued a peremptory writ ordering the certification to the City Controller of plaintiff's name for the position of hoseman, in order that he might be paid the salary alleged to be due him. The Commission appealed to this court, which reversed the judgment of the court below *(Gerson v. Daly,* 337 Pa. 346, 11 A. 2d 148) saying (page 348, A. 2d 149, 150) : "We are of one mind that complainant was never legally appointed. . . . The complainant not having qualified, and never having been unconditionally certified by the Civil Service Commission, any attempt to appoint him was null and void." This decision was handed down on February 1, 1940, and on the following day plaintiff was notified by the Director to "turn in his badge." He had not received any salary, and he brought the present action in assumpsit against the City of Philadelphia to recover on a quantum meruit for the value of the services rendered by him as hoseman from September 1, 1938, to February 2, 1940. On proceedings in the nature of a case stated the court below gave judgment for defendant.

As his appointment was judicially declared to be "null and void" plaintiff realizes that he cannot claim wages or salary as such; he attempts, however, to accomplish the same result by an action in quasi-contract on the theory that the City should pay for the benefits it received from his services. He rests his case on the principle enunciated in *Luzerne Township v. Fayette County,* 330 Pa. 247, 252, 253, 199 A. 327, 330, that "in order to avoid results involving obvious injustice, the courts of some jurisdictions, including our own, have held that where a municipality or other local agency of government has voluntarily accepted and retained the benefits of a contract which it had the power to make but which was defective in the method of its execu-

tion and consequently invalid, the party who, by furnishing labor or material, has conferred such benefits may recover compensation therefor in a suit, not on the invalid contract itself, but upon a quantum valebat, quantum meruit, or for money had and received. . . . Common honesty requires that a municipality or other governmental agency should not be allowed, any more than a private individual, wholly to repudiate an obligation of which it has deliberately appropriated the benefits, and, in such cases, if the municipality does not restore the property which it has received, an implied obligation to make compensatory payment for it arises." Plaintiff overlooks the limitation upon that principle as there further stated, namely: "The doctrine does not extend to benefits which by their very nature cannot be surrendered and the retention of which is therefore not voluntary." Where the claim is for labor performed there is nothing which the municipality can restore to the claimant as a prerequisite to the denial of liability. Thus it is well established that one who is a de facto but not a de jure officer cannot claim compensation for the services rendered by him: *Commonwealth ex rel. Shoemaker v. Thomas,* 328 Pa. 19, 23, 195 A. 103, 105; *Cooke v. Roberts,* 335 Pa. 561, 7 A. 2d 357. Plaintiff also overlooks the fact that his appointment was not merely defective "in the method of its execution," or as to some formal or technical requirement, but was absolutely void because of his disqualification for the position under the standard established by the Civil Service Commission. Finally, plaintiff disregards the controlling circumstance that we are not dealing here with the case of one who innocently and in good faith renders service under an appointment which he has reason to believe is a legal one. Plaintiff knew the age requirement; presumably he knew his own age; and he obtained his appointment by what could have been only a deliberate misstatement. If a person were to be allowed thus wrongfully to insinuate himself into

the public service, to retain his employment until the appointment was invalidated by judicial decision, and then to recover the equivalent of the salary attached to the position, the whole purpose of the law would be frustrated and the wrongdoer permitted to profit by his own deceit. Implicit in the very statement of such a doctrine is its refutation. Were such a type of quasi-contractual liability to be imposed upon municipalities, the way would be opened for the evasion of all the protective legislation which has been built around the civil service.

Judgment affirmed.