535 A.2d 187

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Joseph YAPSUGA, Appellee.**

Superior Court of Pennsylvania.

Argued Sept. 15, 1987.

Filed Dec. 30, 1987.

Christopher T. Spadoni, Assistant District Attorney, Bethlehem, for Com.

Jack Panella, Easton, for appellee.

Before McEWEN, OLSZEWSKI and DEL SOLE, JJ.

DEL SOLE, Judge:

Appellee was convicted in a non-jury trial of Driving Under the Influence of Alcohol pursuant to 75 Pa.C.S.A. § 3731(a)(4). Following his conviction, Appellee filed post-verdict motions for a new trial and in arrest of judgment. In granting Appellee's motion to arrest judgment, the trial court concluded the Commonwealth's evidence was insufficient to establish Appellee had a blood weight level in excess of 0.10% at the time he was operating his vehicle. The Commonwealth contends the disposition of Appellee's motion was error. The Commonwealth also maintains the trial court erred by engaging in a post-verdict factual redetermination which resulted in changing its original verdict of guilty to not guilty.

For the reasons which follow, we vacate the Order arresting judgment and remand for a consideration of whether or not a new trial pursuant to Appellee's Rule 1122 Motion for a New Trial should be granted.

The facts, but for one crucial exception, are undisputed. Appellee admitted at trial he had consumed alcohol while attending a party on December 31, 1985. On his way home he was involved in a one-car accident. The record indicates this incident occurred around midnight. Appellee received a ride back to the party and called his father for assistance. While waiting for his father to arrive, we are told Appellee ingested additional alcohol. This testimony was disputed at trial by the arresting officer who testified Appellee responded in the negative when asked whether he had consumed additional alcohol after his accident.

Thirty to forty minutes later, Appellee and his father returned to the scene of the accident where they observed a

State Trooper conducting an investigation of the incident. Having ascertained Appellee was the driver of the vehicle, and detecting an odor of alcohol on Appellee's breath, the Trooper proceeded to test Appellee's sobriety. Appellee failed to properly recite the alphabet and was placed under arrest. No other field sobriety tests were administered.

Approximately one and one-half hours after the accident, Appellee was asked to submit to an intoxilyzer test. Appellee's blood level exceeded 0.10% proscribed by statute on two separate readings of 0.121% and 0.127%. Testimony at trial revealed the standard deviation factor for these tests as 0.02%.

The trial court's standard of review for granting a motion in arrest of judgment is limited to a determination of absence or presence of that quantum of evidence necessary to establish the crime. *Commonwealth v. Meadows*, 471 Pa. 201, 369 A.2d 1266 (1977). The granting of Appellee's Motion was based on the ground that the evidence presented by the Commonwealth at trial was insufficient to establish the elements necessary to sustain the verdict of guilt pursuant to 75 Pa.C.S.A. § 3731(a)(4). We do not agree.

Section 3731(a)(4) provides two essential elements in order to establish a prima facie case of guilt pursuant to this provision of the Motor Vehicle Code. This Section reads:

(a) [a] person shall not drive, operate or be in actual physical control of the movement of any vehicle while: (4) the amount of alcohol by weight in the blood of the person is 0.10% or greater.

A challenge to the sufficiency of the evidence in this matter would require a showing that the Commonwealth has not met its burden of establishing a prima facie case of guilt as defined by this Section. However, the Commonwealth proved the defendant's operation of the vehicle and a blood alcohol weight in excess of 0.10%.

The language of the trial court's opinion evinces its confusion with questions regarding the sufficiency and weight of the evidence. This confusion stems from the

court's post-trial determination that the ingestion of additional alcohol after Appellee's accident but before the administering of his intoxilyzer test casts a considerable question over whether or not Appellee had a blood alcohol weight beyond the level proscribed by law at the time he was operating his vehicle. In this regard, it is critical to note that the credibility of Appellee's blood alcohol test result is a question which goes directly to the weight of the evidence, not its sufficiency. See *Commonwealth v. Speights*, 353 Pa.Super. 258, 509 A.2d 1263 (1986) and *Commonwealth v. Slingerland*, 358 Pa.Super. 531, 518 A.2d 266 (1986).

■ Therefore, we believe the Commonwealth has established the requisite elements of 75 Pa.C.S.A. 3731(a)(4) to support Appellee's conviction. However, whether or not this *prima facie* evidence is overshadowed by the introduction of testimony concerning the ingestion of additional alcohol is a matter which goes to the weight of the evidence and should be addressed in the defendant's Rule 1123 Motion. We conclude that the trial court's ruling on Appellee's motion to arrest judgment was not proper in that such a motion goes to the sufficiency and not the weight of the evidence.

We vacate the Order arresting judgment and remand for a consideration of Appellee's Rule 1123 Motion.