561 A.2d 1244

**COMMONWEALTH of Pennsylvania**

v.

**Frank IAFRATE, Jr., Appellant.**

Superior Court of Pennsylvania.

Argued March 2, 1989.

Filed July 14, 1989.

580

Richard J. Makoul, Allentown, for appellant.

Glennis L. Clark, Assistant District Attorney, Allentown, for Com., appellee.

Before DEL SOLE, MELINSON and HOFFMAN, JJ.

DEL SOLE, Judge:

This is an appeal of a judgment of sentence following a trial by jury where the Appellant was found guilty of one count of simple assault, not guilty on another count of simple assault, and not guilty of the summary offense of obstructing and loitering.

This conviction stemmed from an incident which occurred at 8:15 p.m. on September 29, 1985, involving Appellant and a police officer. The police officer attempted to issue a loitering citation to Appellant who was kneeling on the curb next to a car parked on a heavily traveled portion of a public thoroughfare. Appellant was arrested that evening. The next day, September 30, was Appellant's eighteenth birthday. Prior to trial, Appellant filed a motion to quash and transfer the case to juvenile court. This motion was denied and Appellant was tried as an adult.

In this appeal, Appellant raises four claims of trial court error: (1) the trial court erred in denying his motion to transfer his case to Juvenile Court; (2) the trial court erred in permitting the introduction of his statement concerning hiring an attorney, when that statement was made while Appellant was in custody but had not been advised of his constitutional rights; (3) the trial court erred in prohibiting defense counsel from eliciting evidence from the prosecuting police officer that the arrest of Appellant was illegal; (4) the trial court erred in prohibiting introduction of photographs of the crime scene.

Prior to trial, Appellant filed a motion to transfer his case to Juvenile Court pursuant to 42 Pa.C.S.A. § 6322(a) which states, "if it appears to the court in a criminal proceeding other than murder, that the defendant is a *child*, this chapter [the Juvenile Act], shall immediately become applicable." As defined by statute, a child is an individual who is under eighteen (18) years of age. 42 Pa.C.S.A. § 6302, *Definitions*. Thus if Appellant were a child at the time the crime was committed, then a transfer to Juvenile Court would have been required.

■ According to common and accepted usage, an individual is seventeen years of age until his or her eighteenth birthday, the anniversary of the date of birth. Therefore, it is generally and commonly understood that prior to that birthday a person is "under eighteen years of age."

■ However, the common law of this state does not follow this prevailing usage, and instead, for reasons founded on arcane principles of early common law, a person is deemed to attain a given age on the day before his or her birthday. *Commonwealth v. Howe*, 35 Pa.Super. 554 (1908); *Gerson v. Daly*, 337 Pa. 346, 11 A.2d 148 (1940);

■ Thus, because we are constrained by precedent from our court and from the Pennsylvania Supreme Court, we must affirm the trial court's holding that Appellant was not a "child" on the day before his eighteenth birthday, and was not entitled to trial under the Juvenile Act.

However, we would ask the Supreme Court of Pennsylvania and the General Assembly of Pennsylvania to take note of this archaic rule. Because we, as an intermediate appellate court, can not decide to change established precedent, we ask that these bodies reconsider whether they intended that Pennsylvania statutes which specify certain ages for the purposes of determining attainment of majority, should be construed according to this common law method of age computation which unnecessarily complicates matters and contravenes accepted usage.

We are aware of several states which have changed the common law rule, either legislatively or judicially. *See,* *People v. Stevenson,* 17 N.Y.2d 682, 269 N.Y.S.2d 458, 216 N.E.2d 615 (1966); *United States v. Tucker,* 407 A.2d 1067 (Dist.Col.App., 1979); *State of Minnesota v. Stangel,* 284 N.W.2d 4, 5 (1979); *State v. Alley,* 594 S.W.2d 381 (1980, Tenn.) We would urge the same course here, noting the words of Justice Holmes speaking in the *Path of the Law,* 10 Harv.L.Rev. 457, 469 (1897):

> It is revolting to have no better reason for a rule of law than that so it was laid down in the time of Henry IV. It is still more revolting if the grounds upon which it was laid down have vanished long since, and the rule simply persists from blind imitation of the past.

Next we consider whether it was error for the court to admit certain testimony which was offered, over objection, by the arresting officer in this case. This officer stated that after Appellant was arrested and taken to police headquarters he was very boisterous and obnoxious. While the officer was attempting to speak on the telephone the Appellant was saying, among other things, that he wanted his attorney present to get him off.

Appellant contends not only that, "testimonial reference to an accused's silence and his request for a lawyer at the time of arrest is a constitutionally impermissible violation of the accused's Fifth Amendment Right," *Commonwealth v. Haideman,* 449 Pa. 367, 370, 296 A.2d 765, 766 (1972), but permitting such reference constituted reversible error.

584

■ At the outset, it is clear that if a person in custody is to be subjected to interrogation, that individual must be informed of the Fifth Amendment right to remain silent, and the right to have counsel present at any interrogation to protect this right. *Miranda v. Arizona,* 384 U.S. 436, 470, 86 S.Ct. 1602, 1624–25, 16 L.Ed.2d 694 (1966). Furthermore, the prosecution is prohibited from making any reference to an accused's silence in the face of such interrogation, reflecting the court's desire that an accused not be penalized for the exercise of constitutional rights. *Id.,* 384 U.S. at 470, n. 37, 86 S.Ct. at 1625, n. 37; *Commonwealth v. Greco,* 465 Pa. 400, 404, 350 A.2d 826 (1976).

■ However, in the instant case, the record reveals that Appellant, though clearly in custody, was not being interrogated. He blurted out this statement while the officers were doing the paperwork for his arrest and talking on the telephone. Therefore, he had no right to have counsel present, because there was as yet no need to protect Appellant's Fifth Amendment right to remain silent in the face of custodial interrogation.

Our court has stated on this issue in *Commonwealth v. Hackney,* 353 Pa.Super. 552, 510 A.2d 800 (1986);

It is the Fifth Amendment protection against compelled self-incrimination which provides the right to counsel during custodial interrogation. *After arraignment,* the right to counsel during interrogation is provided also by the Sixth Amendment guarantee of the assistance of counsel. "The arraignment signals 'the initiation of adversary judicial proceedings' and thus the attachment of the Sixth Amendment ...; thereafter, [law enforcement] efforts to elicit information from the accused, including interrogation, represent 'critical stages' at which the Sixth Amendment applies." *Michigan v. Jackson,* 475 U.S. 625 [628–29], 106 S.Ct. 1404, 1407–1408, 89 L.Ed.2d 631, 638 (1986) (emphasis added).

■ Because Appellant requested the presence of counsel prior to his arraignment, his Sixth Amendment right to have an attorney present at the initiation of judicial pro-

ceedings did not yet attach. Therefore, testimonial reference to Appellant's request for counsel, does not act to penalize or burden the exercise of either the Fifth Amendment right to remain silent, or the accused's right to counsel under the Sixth Amendment. As a result, we find no error in the trial court's ruling which permitted reference to Appellant's request for counsel.

■ Appellant next claims, in the third issue raised for our review, that it was error for the trial court to prohibit defense counsel, during cross-examination, from eliciting testimony that his arrest of the Appellant for loitering was an illegal arrest. A Commonwealth objection to this line of questioning was sustained on the basis that the legality of the arrest was relevant only to the summary offense of loitering which is heard and decided by the trial judge without the aid of a jury.

Appellant argues that prohibiting this line of questioning constitutes reversible error because it precluded attacks on the police officer's credibility and his interest, or motive for testifying against the Appellant. He also claims that these questions would have illuminated Appellant's state of mind, because Appellant is presumed to know the law and if the jury were permitted to understand that Appellant realized that the officer was breaking the law, the Appellant was reasonably justified in believing that the officer was attempting to place him in physical danger. The Slatington borough ordinance in question requires that before arresting someone for loitering, the police must, unless exigent circumstances exist, afford suspects the opportunity to identify themselves and explain their presence and conduct. Absent compliance with these pre-arrest procedures, no conviction for loitering will stand. Slatington Borough Ordinance, 707.03(c).

Appellant relies on *Commonwealth v. Sullivan*, 485 Pa. 392, 402 A.2d 1019 (1979); *Commonwealth v. Shands*, 338 Pa.Super. 296, 487 A.2d 973 (1985), and *Commonwealth v. Robinson*, 507 Pa. 522, 491 A.2d 107 (1985), for the proposition that it is error for the trial court to refuse evidence

which tests a police officer's story, impeaches credibility, or establishes motive or bias. These cases have in common that the police officers under cross-examination had all been allegedly involved in wrong-doing in matters significantly related to the underlying criminal charge, and therefore their motive or bias in testifying, and hence their credibility, was implicated by the line of questioning which was ruled inadmissible.

Here, there were no allegations that the officer faced disciplinary charges, or was under investigation for allegedly issuing an illegal loitering citation, so there is no basis in the record to show motive or bias which might have led to false testimony on the part of the officer.

Furthermore, the arguments concerning the Appellant's state of mind and belief that the officer was placing him in physical danger and that he was justified in resisting that police officer, could have been made and were in fact made without reference to the police officer's alleged illegality. The scope of cross-examination lies within the sound discretion of the trial court whose decision will not be reversed absent palpable error. *Commonwealth v. Ross*, 345 Pa.Super. 571, 498 A.2d 972 (1985). Here, the record shows that the Appellant had adequate latitude in cross-examination to argue self-defense, and thus there was no palpable error or abuse of discretion.

Appellant's final claim of error concerns the court's refusal to admit into evidence photographs taken in preparation for trial for the purpose of showing the placement of the vehicles on the street at the time of the incident. The trial court refused to admit the photographs because they were of limited probative value given the different lighting conditions, the different distances of the car from the curb, and the insufficient foundation laid for the photo depicting Appellant posed by a car.

The admissibility of photographs is within the discretion of the trial judge. Excluding photographs of dubious probative value does not constitute reversible error. *Commonwealth v. Yachymiak*, 351 Pa.Super. 361, 505 A.2d

1024 (1986). We therefore hold that the trial court's refusal to admit the photograph evidence was not error and constitutes a sound exercise of discretion.

We therefore find no merit in any of Appellant's arguments and affirm the trial court's judgment of sentence.