580 A.2d 1115

Benjamin A. HERR, Administrator of the Estate of Eric B. Herr, and Benjamin A. Herr and Cornelia R. Herr, In their Own Right, Appellants,

v.

Paul BOOTEN, John Raymer, Robb Aspril, Jr. and Alex Orolyn, Appellees.

Superior Court of Pennsylvania.

Argued May 8, 1990.

Filed Sept. 25, 1990.

Thomas W. Hall, Lampeter, for appellants.

Wiley P. Parker, Lebanon, for Aspril, appellee.

Before CAVANAUGH, ROWLEY, McEWEN, OLSZEWSKI, DEL SOLE, MONTEMURO, JOHNSON, HUDOCK and FORD ELLIOTT, JJ.

MONTEMURO, Judge:

This appeal is based upon the sad and tragic death of a very young man, Eric B. Herr. At the time of his death, Eric was a college student at the West Chester University. Eric was born on January 17, 1963. On January 17, 1984, Eric's college roommates entered his bedroom and discovered that Eric had died during the night. The cause of his death was acute ethanol poisoning. A subsequent autopsy revealed Eric's blood alcohol content to be .64% at the time of the autopsy.[1]

This litigation was commenced in March of 1986 by Eric's parents in their own right, and by Eric's father, Benjamin A. Herr, as Administrator of the Estate of Eric B. Herr. The defendants include Eric's college roommates: Paul Booten, John Raymer, and Robb Aspril, Jr. The fourth defendant, Alex Orolyn, did not reside with Eric at college but he was a college acquaintance.

It is undisputed that in the afternoon of January 16, 1984, Eric and his three roommates decided to buy beer to celebrate Eric's impending twenty-first birthday. All four of the young men contributed money toward the purchase of the beer. Defendant Raymer drove Eric to a beer distributorship where several cases of beer were purchased. The roommates began drinking the beer in their apartment in the late afternoon of January 16, 1984. Later in the evening, defendant Orolyn arrived. Eric, along with Orolyn and Raymer, then left the apartment and attended a party at a fellow student's house where they consumed more beer. They later left this party to stop at Orolyn's apart-

---

1. We note that it is a criminal offense to operate a motor vehicle in this Commonwealth while the amount of alcohol by weight in the blood of the driver is 0.10% or greater. *See* 75 Pa. C.S.A. § 3731(a)(4); *Commonwealth v. Yapsuga*, 369 Pa.Super. 336, 535 A.2d 187 (1987). Where a driver's blood alcohol content is 0.10% or greater, it may be inferred that the driver is under the influence of alcohol. *Commonwealth v. Johnson*, 376 Pa.Super. 121, 545 A.2d 349 (1988).

ment in order to obtain a nearly full bottle of Jack Daniels whiskey which Orolyn gave to Eric as a birthday present. When the group returned to Eric's apartment, which he shared with Booten, Raymer, and Aspril, other people had arrived to celebrate Eric's birthday. That evening, Eric Herr consumed most of the bottle of whiskey himself, apparently in two sustained gulps. It appears to be undisputed that the first gulp occurred before midnight.

The present action is based in tort. It is claimed that the defendants committed the intentional tort of battery by providing alcohol to Eric. Secondly, it is claimed that the defendants were negligent in providing Eric with alcohol, challenging or encouraging him to drink the alcohol, and then failing to render care when his physical condition became serious. The trial court entered summary judgment in favor of the defendants, concluding that no cause of action for battery or negligence had been set forth as a matter of law. We affirm in part and reverse in part.

In its Opinion of February 7, 1989, the trial court aptly set forth the standard of review which must be employed when considering a motion for summary judgment:

Summary judgment should be entered only "... if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law ..." "Pa. R.C.P. No. 1035(b)." In deciding a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party, and any doubts must be resolved against the entry of the judgment. *Yaindl v. Ingersoll–Rand Company*, 281 Pa.Super. 560, 422 A.2d 611 (1980).

Op. of Trial Court, February 7, 1989, at 5.

■ We agree with the trial court's conclusion that no cause of action can be established for battery in the present case, even when the evidence is viewed in the light most favorable to the non-moving party. "As traditionally stat-

ed, the elements of the tort of battery are 'a harmful or offensive contact with a person, resulting from an act intended to cause the plaintiff or a third person to suffer such a contact, or apprehension that such a contact is imminent.' Prosser & Keeton, *Law of Torts*, at 39 (5th ed. 1984)." *Levenson v. Souser*, 384 Pa.Super. 132, 146, 557 A.2d 1081, 1088 (1989). There was no "harmful contact" or "offensive touching" with the body of Eric Herr so as to give rise to a cause of action for battery in the present case. We are unwilling to view the supplying of an alcoholic beverage to a person as an act intending to cause "offensive or harmful bodily contact."

"A bodily contact is offensive if it offends a reasonable sense of *personal dignity*." Restatement (Second) of Torts § 19 (emphasis added). Implicit in the tort of battery is the recognition that an individual has a right to be free from unwanted and offensive or harmful intrusions *upon his own body*. The tort of battery has traditionally been employed to redress this precise grievance. The essence of the tort "consists in the offense to the dignity involved in the unpermitted and intentional invasion of the inviolability of [the plaintiff's] person...." *See* RESTATEMENT (Second) OF TORTS § 18, Comment c. Thus, the Restatement recognizes that an intrusion upon the plaintiff's physical or personal dignity does occur where the defendant "throws a substance, such as water, upon the [plaintiff] or if [the defendant] sets a dog upon him" even though the defendant and the plaintiff have not physically touched each other. *Id.* Additionally, "if the actor daubs with filth a towel which he expects another to use in wiping his face with the expectation that the other will smear his face with it and the other does so, the actor is liable as fully as though he had directly thrown the filth in the other's face or had otherwise smeared his face with it." *Id.* Although the supplying of alcohol to a person may be improper or contrary to the law because the person is a minor or, perhaps, because he is already visibly intoxicated, it is not an act which impinges upon that individual's sense of physical

dignity or inviolability. Such an expansion of the traditional notion of battery has never been sanctioned by the courts of this Commonwealth. Consequently, we affirm the entry of summary judgment in favor of the defendants as to the battery cause of action.

In entering summary judgment in favor of the defendants as to the negligence claims, the trial court first determined that Eric B. Herr was twenty-one years of age, and thus an adult, at the time the defendants participated in the distribution of alcohol to him. This is a critical determination. The Pennsylvania Supreme Court in *Klein v. Raysinger*, 504 Pa. 141, 470 A.2d 507 (1983), was presented with the following facts:

> On or about May 8, 1978, Michael Klein and his family were driving on the Pennsylvania Turnpike when they were struck in the rear by a vehicle which was driven by Mark Raysinger. Prior to the collision Raysinger had been a patron of the Neptune Inn, where he had consumed an undisclosed amount of alcohol. Prior thereto, Mr. Raysinger had been served beer and other alcoholic beverages at the home of the Gilligans. It is alleged that Raysinger was visibly intoxicated at the time he was served by the Gilligans, and that it was known at the time that Raysinger would be driving. As a consequence, appellants' claim that the Gilligans are liable in negligence for the injuries they sustained in the accident.

*Id.*, 504 Pa. at 144, 470 A.2d at 508. The Pennsylvania Supreme Court held that "there can be no liability on the part of a social host who serves alcoholic beverages to his or her adult guests." *Id.*, 504 Pa. at 148, 470 A.2d at 511. The *Klein* Court relied upon the common law rule that in the case of an "ordinary able bodied man it is the consumption of the alcohol, rather than the furnishing of the alcohol, which is the proximate cause of any subsequent occurrence." *Id.*

The *Klein* decision stands in sharp contrast to a decision rendered by the Pennsylvania Supreme Court on the same day: *Congini v. Portersville Valve Company*, 504 Pa. 157, 470 A.2d 515 (1983). In *Congini*, an eighteen year old

employee of Portersville Valve Company ("Portersville") was injured when, in an intoxicated condition, he drove his vehicle into the rear of another vehicle. Prior to the accident, the employee had attended a Christmas party held by Portersville where he was served alcoholic beverages. The *Congini* Court was compelled to depart from the common law rule it had relied upon in *Klein,* recognizing that:

"... our legislature has made a legislative judgment that persons under twenty-one years of age are incompetent to handle alcohol. Under Section 6308 of the Crimes Code 18 Pa.C.S. § 6308, a person "less than 21 years of age" commits a summary offense if he "attempts to purchase, purchases, consumes, possesses or transports any alcohol, liquor or malt or brewed beverages." Furthermore, under Section 306 of the Crimes Code, 18 Pa. C.S.A. § 306, an adult who furnishes liquor to a minor would be liable as an accomplice to the same extent as the offending minor.

*Congini, supra,* 504 Pa. at 161, 470 A.2d at 517. The Supreme Court thus held that the serving of alcohol to a person less than twenty-one years of age is negligent per se. *Id.* (citing Restatement (Second) of Torts § 286). The affirmative action on the part of the defendant which gives rise to this negligence is the "furnishing of intoxicants to a class of persons legislatively determined to be incompetent to handle its effects." *Id.,* 504 Pa. at 163, 470 A.2d at 518. *See also Matthews v. Konieczny,* 515 Pa. 106, 527 A.2d 508 (1987) (the service of alcohol to a minor in violation of the statutorily dictated duty under the Crimes Code forms the basis of the finding of negligence per se); *Orner v. Mallick,* 515 Pa. 132, 527 A.2d 521 (1987) (breach of duty of care in serving alcohol to minor guest occurs with the furnishing of any alcohol to a minor, not just an amount sufficient to intoxicate the minor).

In determining that Eric Herr was twenty-one years of age during the day *preceding* his twenty-first birthday, the trial court relied upon a general rule of common law in this jurisdiction which provides that a person is deemed to attain

a given age on the day before his or her birthday. *See Firing v. Kephart,* 466 Pa. 560, 353 A.2d 833 (1976); *Gerson v. Daly,* 337 Pa. 346, 11 A.2d 148 (1940). While this general rule of common law remains a viable one, it is not applicable in the instant case. The negligence per se which was first recognized by the *Congini* decision is specifically and expressly based upon a legislative enactment, Section 6308 of the Crimes Code, and must be construed consistently therewith. *See Orner v. Mallick, supra (Congini* sanctioned in the civil law what the criminal law prohibits: the service of alcohol to minors). There is another way to state the trial court's holding in this case. According to the trial court, if an individual, on the day prior to his twenty-first birthday, purchases and consumes liquor or malt or brewed beverages, he has not violated any criminal law in Pennsylvania. Further, if a liquor store or tavern sells alcohol to an individual on the day before his twenty-first birthday, this is not a violation of 18 Pa.C.S.A. § 6310.1(a): "... a person commits a misdemeanor of the third degree if he intentionally and knowingly sells or intentionally and knowingly furnishes, or purchases with the intent to sell or furnish, any liquor or malt or brewed beverages to a person who is less than 21 years of age." In the present case, we are mindful that it is common knowledge and common practice that an individual may not legally be served alcohol, or purchase or consume alcohol, until the day of his twenty-first birthday. When an individual is "carded" at a liquor store or tavern, it is common knowledge that alcohol will not be served to him or sold to him unless he has proof that it is the twenty-first anniversary of his birth, his twenty-first birthday, or after.

It is axiomatic that legislative intent is the polestar of statutory construction. In drafting the criminal statutes at issue in the case at bar, we are convinced that the Legislature was cognizant of this commonly understood and practiced rule for determining the legal age for the purchase and consumption of alcohol. Pursuant to 1 Pa.C.S.A. § 1921, we are bound to presume that the General Assem-

bly did not "intend a result that is absurd, impossible of execution or unreasonable." Further, we are permitted to examine the practical consequences of a particular interpretation." *Commonwealth v. Stewart*, 375 Pa.Super. 585, 544 A.2d 1384 (1984) (citations omitted). Our Legislature did not intend 18 Pa. C.S.A. § 6308 to be interpreted in a manner which ignores, and indeed contravenes, the commonly accepted and practiced method for determining the legal age for the purchase and consumption of alcohol.

Although the common law rule that one is deemed to attain a given age on the day before his birthday has been found controlling in other circumstances, it is not relevant in the proper construction of 18 Pa. C.S.A. § 6308. As courts are bound to construe a particular statutory enactment in light of the intent of the Legislature, the common law cannot be employed to override the reasonable intent of the Legislature in enacting a statute. This was the trial court's error in the case *sub judice*. We note that our recent decision in *Commonwealth v. Iafrate*, 385 Pa.Super. 579, 561 A.2d 1244 (1989) *allacatur granted*, —— Pa. ——, 575 A.2d 109 (1990) is clearly distinguishable. In *Iafrate*, we relied upon the common law rule to construe 42 Pa. C.S.A. § 6322(a), which states, "if it appears to the court in a criminal proceeding other than murder, that the defendant is a child, this chapter [the Juvenile Act], shall immediately become applicable." A child, for the purposes of the Juvenile Act, is an individual who is under eighteen years of age. *See* 42 Pa. C.S.A. § 6302. Unlike the case at bar, in *Iafrate*, there was no common and accepted usage regarding when an individual attained the age of eighteen for the specific purposes of the Juvenile Act of which the Legislature would have presumably been aware when enacting 42 Pa. C.S.A. § 6322(a). Consequently, this Court quite correctly employed the common law in construing the statute at issue in *Iafrate*. It is axiomatic, however, that each statute is unique, and that the legislative intent and circumstances underlying each statute is also unique. The statute construed in *Iafrate* has no relation to the statutes under

consideration in the present case, which were enacted to prevent the "furnishing of intoxicants to a class of persons legislatively determined to be incompetent to handle its effects." *Congini v. Portersville Valve Company*, 504 Pa. 157, 161, 470 A.2d 515, 517 (1983).

■ Based upon our view of the correct statutory construction of Section 6308 of the Crimes Code, as well as Section 6310.1, we are firmly convinced that an individual born on January 17, 1963, such as Eric B. Herr, could not have legally purchased or consumed alcohol on January 16, 1984; but he could have legally done so on the following day, the day of his birth, January 17. Thus, the furnishing of alcohol to Eric B. Herr on January 16, 1983, amounted to negligence per se as a matter of law.

■ In vacating the summary judgment which was entered in favor of the defendants in this case, we express no opinion concerning the ultimate finding of liability. A social host may assert, as a defense, the minor's contributory negligence. Questions of accusation as between the appellees and as between the appellees vis-a-vis Eric Herr must be resolved in the trial court by the finder of fact. Consequently, the summary judgment entered in favor of the defendants as to the cause of action in negligence for furnishing alcohol to Eric Herr is vacated and reversed.[2]

2. We reject appellants' claim that a cause of action in negligence is set forth by the allegations that appellees urged or challenged Eric Herr to consume the alcohol which ultimately caused his death. The only authority relied upon for this cause of action is *Yania v. Bigan*, 397 Pa. 316, 155 A.2d 343 (1959), wherein an adult coal strip-mining operator had jumped into a water-filled trench at a mining site and had died as a result. It was alleged in the wrongful death and survivor action that followed that the defendant Bigan, by the employment of cajolery, caused such a mental impact on the decedent that he lost his freedom of choice and under a compulsion, jumped to his death. The Supreme Court held that such alleged conduct would not constitute actionable negligence when directed to an adult in possession of all his mental faculties. The Court also stated that if the decedent "had been a child of tender years or a person mentally deficient then it is conceivable that taunting and enticement could constitute actionable negligence if it resulted in harm." *Id.*, 397 Pa. at 320, 155 A.2d at 345. We are unwilling, as an intermediate appellate court, to extend the language cited from the *Yania* decision to find a cause of action for the appellees' alleged "challenging conduct" in the

■  Further, we recognize that the appellees argue that Eric Herr assumed the risk of drinking an excessive amount of alcohol, and that "it is well-established under Pennsylvania law that a plaintiff fails to establish the element of duty essential to a prima facie case of negligence where the evidence demonstrates that the dangerous condition was known or obvious to the plaintiff." Brief for Appellees at 43. *See Ferencz v. Milie,* 517 Pa. 141, 535 A.2d 59 (1987) (if ice patch in hospital parking lot was obvious and avoidable, the hospital would have owed the plaintiff no duty to remove it because of the assumption of the risk doctrine); *Carrender v. Fitterer,* 503 Pa. 178, 469 A.2d 120 (1983) (a holding that a risk has been assumed is in many cases tantamount to a determination that, as a matter of law, the defendant owed the plaintiff no duty); *Johnson by Johnson v. Walker,* 376 Pa.Super. 302, 545 A.2d 947 (1988); *Malinder v. Jenkins Elevator & Machine Co.,* 371 Pa.Super. 414, 538 A.2d 509 (1988) (en banc) (the legal consequences of plaintiff's assumption of the risk was to relieve the defendants of any duty towards the plaintiff). Appellees' claim that Eric Herr assumed the risk does not result in a determination that the appellees *owed no duty* to Eric Herr as a matter of law. The appellees are negligent per se under the *Congini* decision, thus it is presumed as a matter of law that appellees had a duty of care to Eric Herr and,

present case. It is clear that Eric Herr was not a child of tender years and was not mentally deficient in that he did not suffer from mental retardation or mental disease. On the contrary, Eric was a college student and he was about to turn twenty-one years of age. Even though Eric Herr was no doubt intoxicated to some degree before he consumed the bottle of whiskey, he was in control of himself and made decisions regarding what and how much alcohol he would consume. *Accord Commonwealth v. Walters,* 431 Pa. 74, 244 A.2d 757 (1968) (although appellant was seriously intoxicated at the time of the stabbing, appellant's conviction for murder will not be lowered to voluntary homicide). Of course, whether Eric's decisions on the evening of his death will be found to have been negligent is a matter for determination in the trial court upon remand. Under the *Congini* decision, appellees are negligent per se, because they *furnished* alcohol to Eric Herr. Upon remand, questions as to the cause of Eric's death will be considered by the trier of fact, and these questions will undoubtedly involve a review of all of the surrounding circumstances under which Eric Herr consumed such a large quantity of alcohol in a relatively short period of time.

further, that appellees breached this duty of care. Given this, the appellees cannot employ an assumption of the risk analysis to defeat an element of the plaintiff's prima facie case which is established at the outset as a matter of law.[3]

█ Finally, we must address appellants' claim that the trial court erred in entering summary judgment in favor of the appellees as to the claim brought under the following section of the RESTATEMENT (Second) OF TORTS:

If the actor knows or has reason to know that by his conduct, whether tortious or innocent, he has caused such bodily harm to another as to make him helpless and in danger of further harm, the actor is under a duty to exercise reasonable care to prevent such further harm.

RESTATEMENT (Second) OF TORTS § 322. The appellants rely again upon *Yania v. Bigan*, 397 Pa. 316, 155 A.2d 343 (1959), wherein it was alleged that liability should lie because the defendant Bigan had failed to take steps to rescue Yania from the water. The Supreme Court stated:

The mere fact that Bigan saw Yania in a position of peril in the water imposed upon him no legal, although a moral, obligation or duty to go to his rescue unless Bigan

---

3. Much of the arguments advanced by the appellees with reference to their assumption of the risk theory will undoubtedly be relevant during the determination of the issue of Eric Herr's alleged contributory negligence upon remand of this matter. There is precedent in this jurisdiction to support the continued viability, despite the enactment of the Comparative Negligence Act and despite the recognition of forceful arguments for the abolition of the defense, of what has been termed the "defense of assumption of the risk" as opposed to the "no duty" theory of assumption of the risk which has been employed by the appellees in the instant case. In *Berman v. Radnor Roll, Inc.,* 374 Pa.Super. 118, 542 A.2d 525 (1988), a panel of this Court stated that even if a defendant owed a duty of reasonable care, he may be relieved of that duty where the plaintiff " 'fully understands' the specific risk, 'voluntarily chooses' to encounter it, 'under circumstances that manifest a willingness to accept it' ", thus assuming the risk. *Id.,* 374 Pa.Superior Ct. at 136, 542 A.2d at 533 (citations omitted). This assumption of the risk defense, an affirmative defense, was not specifically raised in the *pleadings* filed in the trial court, and, consequently, it will not be addressed on appeal. *See* Pa.R.C.P. 1030. We express no opinion on its applicability to the particular circumstances of the case at bar, but simply note it here in an effort to provide a thorough and correct analysis of the law of assumption of the risk as it currently exists in our case law.

was legally responsible, in whole or in part, for placing Yania in the perilous position. Restatement, Torts § 314. Cf. Restatement, Torts, § 322.... The complaint does not aver any facts which impose upon Bigan legal responsibility for placing Yania in the dangerous position in the water and, absent such legal responsibility, the law imposes on Bigan no duty of rescue.

*Id.*, 397 Pa. at 321–322, 155 A.2d at 346. In reliance upon the clear language of our Supreme Court in the *Yania* decision, we now hold that in the instant case, the appellants may claim that a duty was owed on the part of the appellees to exercise reasonable care to prevent further harm to Eric Herr following his consumption of the bottle of whiskey only if appellees are ultimately held liable to some extent for Eric Herr's death under the *Congini* decision.[4]

Affirmed in part and reversed in part; remanded for further proceedings consistent with this Opinion. Jurisdiction is relinquished.

CAVANAUGH, McEWEN, FORD ELLIOTT, and OLSZEWSKI, JJ., joined.

DEL SOLE, J., files a dissenting opinion joined by ROWLEY, JOHNSON and HUDOCK, JJ.

DEL SOLE, Judge, dissenting:

I agree with the majority's conclusion that no cause of action can be established for battery in the present case. Also, I agree that persons may be found negligent for furnishing alcohol to a minor under the doctrine enunciated in *Congini v. Portersville Valve Company*, 504 Pa. 157, 470 A.2d 515 (1983). However, I can not agree that Appellees are negligent in providing alcohol to Eric Herr, because he was not a minor when his excessive drinking took place, on the day before his twenty-first birthday.

---

4. It will remain for the trier of fact to determine, under Section 322 of the RESTATEMENT (Second) OF TORTS, what was reasonable care under the circumstances of this case, and whether there was a breach of that duty of reasonable care by appellees herein.

While I realize that according to popular usage, an individual is not considered to be twenty-one years of age until his or her twenty-first birthday, "It is well established at common law that one is deemed to to attain a given age on the day before his birthday." *Firing v. Kephart*, 466 Pa. 560, 353 A.2d 833, 836 n. 5 (1976), *citing, Gerson v. Daly*, 337 Pa. 346, 11 A.2d 148 (1940); *Commonwealth v. Howe*, 35 Pa.Super. 554 (1908). The Pennsylvania statutes involved in establishing negligence per se for the service of intoxicating liquors to minors express no criteria for determining when a person *attains* the age of twenty-one years. It is well established in our case law that, "A change from the common law cannot be presumed; it must appear to have been meant, or it will be held not to have been made." *Central Lithograph Co. v. Eatmor Chocolate Co.*, 316 Pa. 300, 175 A. 697 (1935). Therefore, the common law rule must apply in determining when a person is twenty-one years old for the purposes of these statutes.

The Pennsylvania Supreme Court recently reaffirmed the application of the Common Law Rule. In *In Re: Stout*, 521 Pa. 571, 559 A.2d 489 (1989) the Supreme Court was faced with the question of whether Madame Justice Stout would be required to retire under Article V, § 16(b) of the Constitution of the Commonwealth. While the court was determining whether there was a difference between appointed or elected judges for the purposes of mandatory retirement, the court stated as follows:

> Reading the related provisions in connection with one another we conclude their proper meaning was that a member of the Pennsylvania judiciary reaches his or her seventieth year, according to the rule of the Common Law, that is on the day before his or her birth date, (See *Gerson v. Daly*, 337 Pa. 346 11 A.2d 148 (1940)) and that when a jurist reaches the age of seventy years his or her term expires. 521 Pa. at 580, 559 A.2d 489.

Thus, the rule announced in *Gerson, supra*, has been reaffirmed as recently as 1989.

In the instant case, the day of the alleged negligence was the day preceding Eric Herr's birthday. Therefore the common law rule is controlling, and Eric Herr was an adult, and was not "less than twenty-one years of age," at the time defendants supplied alcohol to him.

I agree with the majority that legislative intent is the polestar of statutory construction, and that we are bound to presume that the General Assembly did not intend a result that is absurd, impossible of execution or unreasonable. However, we must also presume that the drafters of the statutes in question were aware of the common law, and if they intended to derogate from it, they would have so specified.

The majority seeks to support its view that the trial court's holding was improper by stating that if this court were to follow the Common Law Rule, then a liquor store or tavern which sold alcohol to an individual on the day before a twenty-first birthday, would not be in violation of the statute prohibiting sales to minors. (Majority Opinion at 173) I fail to see how this analysis would be unreasonable in light of the fact that the Supreme Court of Pennsylvania has determined that judicial officers attain their age the day before the anniversary date of their birth. On a person's twenty-first birthday that person is beginning their twenty-second year of life. Therefore, it is not unreasonable, as the Majority would suggest, to allow to purchase alcohol on the day before their twenty-first birthday. While the custom may be that licensees will not serve liquor on that day, they have never been convicted of a crime for doing so.

This court recently affirmed this position in *Commonwealth v. Iafrate*, 385 Pa.Super. 579, 561 A.2d 1244 (1989). Appellant in *Iafrate* claimed he was entitled to be tried in Juvenile Court, because he committed the crime the day before his eighteenth birthday, and was legally a "child." The relevant Pennsylvania statute stated that for the purposes of trial in Juvenile Court, a child was a person under eighteen years of age. We held that because Appellant committed the crime the day preceding his eighteenth birth-

day, he was deemed to be an adult, and should be tried as an adult.

The majority's attempts to distinguish the present case from *Iafrate* are unavailing. The majority states that there is, "no common and accepted usage regarding when an individual attain[s] the age of eighteen for the specific purposes of the Juvenile Act" (Majority Opinion at 174) This is patently unreasonable. The popular or common understanding of when a person attains a given age does not change because the age specified for competency is eighteen, rather than twenty-one.

In the instant case, and in *Iafrate*, the relevant ages were expressed in similar terms, "less than 21 years of age," and "under 18 years of age," respectively, and neither statute stated the criteria for determining when a person reaches the given age. As we stated in *Iafrate*, we, as an intermediate appellate court, can not decide to change established precedent. It is only the Supreme Court of Pennsylvania and the General Assembly which may overturn the established rule for computing age for the purpose of a given statute.

Since it is clear that Eric Herr was an adult at the time he was supplied with alcoholic beverages, I would hold that the defendants can not be liable as social hosts under the rationale of *Klein v. Raysinger, supra.*

I further reject Appellants' claim that a cause of action in negligence is set forth by the allegations that appellees urged or challenged Eric Herr to consume the alcohol which ultimately caused his death. The only authority relied upon for this cause of action is *Yania v. Bigan*, 397 Pa. 316, 155 A.2d 343 (1959), where an adult coal strip-mining operator had jumped into a water-filled trench at a mining site and had died as a result. It was alleged in the wrongful death and survivor action that followed, that the defendant Bigan, by the employment of verbal coercion caused such a mental impact on the decedent that he lost his freedom of choice and under a compulsion, jumped to his death. The Supreme Court held that such alleged conduct would not constitute

actionable negligence when directed to an adult in possession of all his mental faculties. The Court also stated that if the decedent "had been a child of tender years or a person mentally deficient then it is conceivable that taunting and enticement could constitute actionable negligence if it resulted in harm."

I am unwilling to extend the language cited from *Yania* to find a cause of action for the Appellees' alleged "challenging conduct" in the present case. Moreover, it is clear that Eric Herr was not a child of tender years and was not mentally deficient in that he did not suffer from mental retardation or mental disease. On the contrary, Eric Herr was a twenty-one year old college student. Although he may have been intoxicated at the time the other students challenged him to drink a bottle of whiskey, we have held that even in the case of a visibly intoxicated adult, it is the consumption rather than the furnishing of alcohol that is the proximate cause of any subsequent occurrence. *Orner v. Mallick, supra*, 515 Pa. at 136, 527 A.2d 521.

Finally, I find no error in the trial court's decision to enter summary judgment in favor of the Appellees on the claim brought under the RESTATEMENT (Second) OF TORTS § 322. This section states:

If the actor knows or has reason to know that by his conduct, whether tortious or innocent, he has caused such bodily harm to another as to make him helpless and in danger of further harm, the actor is under a duty to exercise reasonable care to prevent further harm.

This section of the Restatement was addressed in *Yania, supra*, 397 Pa. at 322, 155 A.2d 343. In that decision, the court noted that the defendant had no duty to help Mr. Yania unless the defendant were legally responsible for placing the victim in the perilous position. If, however, he voluntarily placed himself in a position of danger, then there was no one to blame but himself.

Because Eric Herr was an adult at the time, the other students were not legally responsible for placing him in a dangerous situation, which was in this case his state of

inebriation. Rather, under *Orner*, our supreme court held that, "the adult guest who drank more than he should answered alone to himself and to all others for whatever injury followed his acceptance of intoxicants." *Orner, supra*, 515 Pa. at 136, 527 A.2d 521. Therefore, no liability should attach under § 322 of the Restatement.

Accordingly, because I find no merit to any of Appellants' claims, I dissent and would affirm the judgment of the trial court.

Joined by ROWLEY, JOHNSON and HUDOCK, JJ.